GAUDIN, Judge.
The sole issue now before this Court is appellant Gerard Gaudin’s contention that his nine three-year hard labor sentences for forging passports to the 1984 Louisiana World Exposition are unconstitutionally excessive. We affirm.
Previously, Gaudin had appealed to this Court following his 1985 convictions in the 24th Judicial District Court, Division “I”. The nine convictions were affirmed on July 23, 1986 but the sentences, nine three-year hard labor terms to run consecutively, were set aside and the case remanded for resen-tencing. See State v. Gaudin, 493 So.2d 234 (La.App. 5th Cir.1986). The trial judge had not sufficiently complied with LSA-C. Cr.P. arts. 883 and 894.1 and he was instructed, on remand, to give “... a full statement of reasons for the particular sentences imposed ...”
On October 17, 1986, Gaudin filed a writ of certiorari in the Supreme Court of Louisiana. This application was granted in part and the case was remanded to the district court for reconsideration of the sentences. Otherwise, the writ was denied; State v. Gaudin, 498 So.2d 749 (La.1986). Gaudin did not seek further review of his convictions. They are now final and not subject to further appellate scrutiny. Only the sentencing issue remains viable.
When Gaudin was resentenced, the trial judge meticulously complied with the sentencing guidelines of articles 883 and 894.1 then levied the same sentences, nine three-year consecutive hard labor terms.
Appellant argues that the sentences are grossly out of proportion to the severity of *595 the crimes and that they are so disproportionate that they shock one’s sense of justice.
At first glance, the nine consecutive sentences totalling 27 years do appear excessive. However, this is not a case of an unfortunate first offender receiving an outrageous sentence for forging World Fair passes. It is a case of a sentencing judge recognizing a person as a career criminal and imposing a harsh sentence because of a lingering disregard for law and meaningful order.
Sentencing isn’t done in a vacuum. A sentencing judge can, in fact, should, consider a defendant’s past and his or her propensities for illegal conduct. Here, the trial judge, in sentencing Gaudin the second time, remarked that “... if Mr. Gaudin was set free, he wouldn’t be free five minutes before he starts again ... as soon as he’s able to get back in the swing of criminal activity, I think he would do so.”
Appellant’s “swing of criminal activity” began in 1972 in the State of Georgia. There, he was convicted of (1) simple burglary, (2) passing counterfeit notes and (3) attempting to pass counterfeit United States securities. For the burglary, he received a 10-year sentence; he was also sentenced to three years for each of the other two crimes. He was released from the Georgia penal system on November 20, 1978.
On January 15, 1981, Gaudin was charged in Jefferson Parish with indecent behavior with a juvenile and contributing to the delinquency of a juvenile, the result of his alleged involvement in a child pornography incident. These charges were refused by the District Attorney’s office.
In November of 1981, Gaudin was again charged in Jefferson Parish, this time with the simple burglary of a business. On June 18, 1982, he was convicted (his fourth felony conviction) and sentenced to six months in parish prison.
Gaudin was arrested in Amite, Louisiana on January 6, 1984 for driving while intoxicated. He was sentenced to six months in parish prison, suspended, and placed on probation for one year.
The forgery charges, for which appellant received the sentences now being appealed, were brought in August and December, 1984. He was convicted on June 21, 1985. Gaudin’s “rap sheet”, attached to the pre-sentence investigative report which is part of this record, indicates that on August 18, 1984, he was arrested in Port Sulphur, Louisiana for DWI and speeding.
The presenterice investigation further shows that Gaudin has detainers from Orleans Parish, where there are approximately 12 outstanding charges for forgery, and from Amite, where a probation revocation hearing had been scheduled as a result of the second DWI charge in Port Sulphur.
As a general rule, sentences for crimes arising out of a single course of illegal conduct are served concurrently. Consecutive sentences for convictions stemming from a common scheme or plan require particular justification. The Supreme Court of Louisiana has never held that consecutive sentences are necessarily unconstitutional. Other realities must be considered. See State v. Williams, 445 So.2d 1171 (La.1984), at page 1182.
On October 8, 1986, the date of the second sentencing, the trial judge stated that Gaudin has a criminal nature, that his history is “... replete with arrests as well as convictions ...”, that the instant offenses were premeditated, that the defendant “... had not one, but more than one opportunity to go straight, and he hasn’t seen fit to do so ...” and that he would probably commit other crimes as soon as he’s able to. The judge found that Gaudin was insolent, arrogant and disrespectful, that he has “a criminal mind” and that he was totally uncooperative with the probation officer trying to make the presentence investigation.
This state’s jurisprudence contains many instances of consecutive jail sentences following forgery convictions. In State v. Stoner, 438 So.2d 1275 (La.App. 3rd Cir.1983), writs denied at 444 So.2d 118 (La.1984), the district judge’s imposition of three six-year consecutive terms for forgery, a total of 18 years, was found not excessive. See also State v. Williams, su *596 pra, State v. Stampley, 457 So.2d 1238 (La.App. 1st Cir.1984), and State v. Nelson, 467 So.2d 1159 (La.App. 2nd Cir.1985).
A sentencing judge is vested with wide discretion and sentences are not set aside absent manifest abuse of that discretion. Here, the trial judge handed down sentences well within the statutory maximum — Gaudin could have received 90 years at hard labor, 10 years for each conviction — and he (the trial judge) sufficiently particularized reasons for imposing consecutive rather than concurrent sentences. All relevant factors were considered, aggravating and mitigating. Admittedly, the sentences were stringent, but we cannot say that the trial judge’s sentencing discretion was manifestly abused or that the sentences, considering Gaudin’s background, were either purposeless or needless and therefore excessive.
Finally, we note this appellant obviously could have been charged under Louisiana’s habitual offender statute, LSA-R.S. 15:529.1. To date, the District Attorney’s office has chosen not to charge Gaudin as a multiple offender and subject him to additional years of incarceration.
The appealed-from sentences are affirmed.
AFFIRMED.