511 So.2d 821 (1987)
STATE of Louisiana
v.
Thomas DUVIO.
No. 87-KA-161.
Court of Appeal of Louisiana, Fifth Circuit.
July 27, 1987.
John H. Craft, Indigent Defender Bd., Gretna, for defendant-appellant.
John M. Mamoulides, Dist. Atty., Dorothy Pendergast and Louise Korns, Asst. Dist. Attys., 24th Judicial Dist., Parish of Jefferson, Gretna, for plaintiff-appellee.
Before BOWES and DUFRESNE, JJ., and KOLLIN, J. Pro Tem.
*822 DUFRESNE, Judge.
This action arises from a twelve-person jury verdict of guilty of five counts of armed robbery. Defendant appeals.
Defendant, Thomas Duvio, was charged with five counts of armed robbery in violation of LSA-R.S. 14:64. A twelve-person jury trial was held, and, after hearing all testimony, the jury found Duvio guilty as charged as to all five counts.
Defendant filed a Motion for New Trial and Motion for Judgment of Acquittal or in the Alternative for Modification of Verdict which were heard and denied by the trial judge. Following a pre-sentence investigation and hearing, the trial judge sentenced the defendant to imprisonment at hard labor for a term of thirty years on each count and ordered that the sentences run consecutively. We affirm.
The facts of the case are as follows. At trial, Joe Segari, the cashier on duty at the Time Saver Store where the robberies took place testified that on July 19, 1985, at approximately 12:40 a.m., there were approximately five or six customers in the store, and a young man came to the front of the counter, pointed a gun at him, and said "this is a robbery." Initially thinking it was a joke, Segari told the perpetrator to put the gun away, at which time the perpetrator again said "Man, this is a robbery. Give me your money." Segari took the money out of the cash register and handed it to the perpetrator who next proceeded to take the wallets of the customers in the store.
After the defendant took the wallets, he left the store, and, as the cashier reached for the telephone to call the police, the perpetrator returned to the store, pointed the gun at the cashier and said "I told you not to move", then he turned around and left again.
Officer Charles Harvey responded to the initial call reporting the robbery. When he arrived, he got a description of the perpetrator as a white male, approximately 28-30 years old, about 5 foot ten, 140 pounds, slim build, brown curly hair, and wearing blue jeans, a black shirt and gray tennis shoes. The subject also had some brown tape on his left arm and his upper lip. Detective LeBlanc subsequently showed four of the five victims a photographic lineup. Although one of the victims was unable to pick anyone out in the lineup, the remaining three picked out the defendant's photograph and identified him as the perpetrator. Approximately one month and a half after the robbery, the defendant was arrested and charged with five counts of armed robbery.
Defendant asserts three assignments of error:
1. The trial court erred in denying Appellant's Motion for Judgment of Acquittal or in the Alternative for Modification of Verdict.
2. The court erred in ordering that the sentence of thirty years on each count to run consecutively.
3. Also assigned as error are any and all errors patent on the face of the record.

ASSIGNMENT OF ERROR NUMBER 1
Defendant contends that the trial judge erroneously denied his Motion for Post Verdict Judgment of Acquittal, LSA C.Cr.P. art. 821[1] on the ground that the evidence *823 presented at trial was not sufficient to justify the verdict.
The applicable standard of review in determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Richson, 501 So.2d 885 (La.App. 5 Cir.1987).
In the present case, defendant was convicted of five counts of armed robbery. The elements of this offense are set forth in LSA-14:64 which defines armed robbery as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."
Encompassed in proving the elements of the offense is the necessity of proving the identity of defendant as the perpetrator. As this seems to have been the main issue at trial, it will be briefly addressed. Employing the Jackson standard set forth, supra, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Cockerham, 442 So.2d 1257 (La.App. 5 Cir.1983). See also State v. Brown, 497 So.2d 29 (La.App. 5 Cir.1986), a case which is factually similar to the instant case.
The following evidence was adduced at trial in the present case. On July 19, 1985, at approximately 12:40 a.m., a man later identified as the defendant, entered a Time Saver Store located at 200 Live Oak Street in Metairie, and, while armed with a gun, robbed the cashier and the customers present in the store.
As discussed hereinabove, subsequent to the robberies, three out of four of the victims made a positive photographic identification of the defendant. In addition, defendant was also positively identified in court as the perpetrator by three of the five victims.
Each of the victims testified at trial as to the property stolen from them and the fact that the defendant was armed with a dangerous weapon. Segari, the cashier, testified that the perpetrator took the money out of the register which was in his control, in addition to his wallet containing his credit cards, his driver's license, and a payroll check belonging to his wife. James Hollard, a customer in the store at the time of the robbery, stated in court that the perpetrator took his wallet, I.D. cards, driver's license and charge cards. Festus Ohagwu, another customer in the store, testified that defendant took from him $35.00, his driver's license, and his I.D. card. Robert Barriero was also a customer in the store at the time of the robbery. He testified that defendant took his wallet containing his driver's license, Social Security card, about $20.00 and two blank checks. Richard Gouldman, a co-employee in the store at the time of the robbery, testified that defendant took his wallet containing his driver's license and Social Security card.
The defendant, as well as testifying in his own behalf, called several witnesses to testify as to his general physical condition which he contends showed he was not capable of committing such a robbery because he was still recovering from a gunshot wound inflicted upon him by his father on June 10, 1985. We find this line of testimony unpersuasive.
Viewing the above evidence in a light most favorable to the prosecution, the evidence presented unquestionably proves all the elements of the offense of armed robbery including the identity of the defendant, beyond a reasonable doubt.
Because there were discrepancies in testimony as to defendant's physical ability to commit the robbery and to other various characteristics of defendant (such as whether or not he had a mole, scar or moustache on his face and also whether or not the perpetrator had tattoos on his arm), the jury was faced with a credibility choice.
*824 The jury chose to believe the testimony of the State's witnesses that defendant was the perpetrator of the armed robbery. Further, any question of doubtful or inconclusive identifications go to the weight of the evidence rather than the admissibility. State v. Wright, 410 So.2d 1092 (La.1982). It is the function the jury to determine what weight to attribute to the evidence affecting the identification of the defendant. It is not the function of an appellate court to evaluate the credibility of the witnesses and overturn the trial court on its factual determination of guilt. State v. Richardson, 425 So.2d 1228 (La.1983). There is no doubt that sufficient evidence was produced for a reasonable trier of fact to conclude beyond a reasonable doubt that an armed robbery was committed and that defendant was the perpetrator of the armed robbery as was done by the jury in these cases.
Thus we find this assignment is totally without merit.

ASSIGNMENT OF ERROR NUMBER 2
Duvio contends that the trial judge erred when he sentenced him to thirty (30) years at hard labor in each of the five counts of armed robbery. Defendant avers that although the trial judge recited the factors which are required to be taken into account in sentencing, according to La.C.Cr.P. art. 894.1, the trial court failed to recite any reasons for ordering that the sentences run consecutively rather than concurrently.
Pursuant to LSA C.Cr.P. art. 883,[2] the sentencing judge may use his authority to impose either concurrent or consecutive sentences when a defendant is convicted of two or more offenses based on the same act or transaction or constituting parts of a common scheme or plan.
As a general rule, sentences served for crimes arising out of a single course of conduct are served concurrently instead of consecutively. However, Louisiana jurisprudence has never held that consecutive sentences are necessarily excessive. State v. Williams, 445 So.2d 1171 (La.1984); State v. Littleton, 436 So.2d 500 (La.1983). Although La.C.Cr.P. art. 894.1 provides the trial court with general sentencing guidelines, additional factors must be considered to determine whether or not the sentence imposed in the instant case is excessive. This is because of the fact that the imposition of consecutive sentences for a conviction arising out of a single course of criminal conduct requires particular justification. State v. Williams, supra; State v. Ortego, 382 So.2d 921 (La.1980); cert. denied 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); State v. Lewis, 430 So.2d 1286 (La.App. 1 Cir.1983) Writ denied 435 So.2d 433 (La.1983). Consecutive sentences are justified when the offender poses an unusual risk to the safety of the public. State v. Sherer, 437 So.2d 276 (La.1983); State v. Lewis, supra.
Additionally, when imposing consecutive sentences for same transaction crimes, factors to be considered include those enumerated under La.C.Cr.P. art. 894.1, as well as consideration of defendant's first-offense status, dangerousness of offense, harm done to victim, potential for rehabilitation, and the public's safety. State v. Ashley, 463 So.2d 794 (La.App. 2 Cir.1985); State v. Tomlin, 478 So.2d 622 (La.App. 2 Cir.1985).
The trial judge in the present case gave extensive reasons for the imposition of the thirty year sentences. In doing so, he complied with the sentencing guidelines contained in LSA-C.Cr.P. art. 894.1. Moreover, the judge specifically ordered that the sentences run consecutively, "mainly for the reason that a lesser sentence would deprecate the seriousness of this crime, an offense in which one or more people could *825 have easily been killed, and an offense which traumatized the victims." Although the judge did not specifically refer to Art. 883, he did expressly state that the sentences be consecutive, and his reasons for sentence indicate particular justification for the imposition of consecutive, rather than concurrent, sentences.
For these reasons, we find that the trial judge did not abuse his discretion in ordering that the defendant serve consecutive rather than concurrent sentences. As a result, this assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 3
Defendant requests this court to review the record for any and all errors patent.
La.C.Cr.P. art. 920 provides "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
We have conducted a careful examination of the record before us, pursuant to the provisions of LSA C.Cr.P. art. 920 and guidelines set out by the Louisiana Supreme Court see State v. Oliveaux, 312 So.2d 337 (La.1975), and find no errors patent on the record.
Accordingly, for the foregoing reasons, we affirm the conviction and sentence.
AFFIRMED.
BOWES, J., dissents with written reasons.
BOWES, Judge, concurring in part and dissenting in part.
I concur with my esteemed colleagues in the affirmation of the conviction of the defendant on all five counts of armed robbery as I believe the evidence fully justifies the jury's conclusion to this effect.
However, I disagree with them in their affirmation of the sentence given by the learned trial judge of five sentences of thirty years for each crime to be served consecutively.
Initially, I wish to emphasize that I agree that the crimes of which the defendant stands convicted deserve a stiff sentence, but not an impossible one. As I understand the present rules of the Division of Probation and Parole of the Louisiana Department of Corrections for serving a sentence of this type, the defendant must serve a minimum, as a model prisoner, of two-thirds, or 20 years, of each sentence (getting a one-third reduction for "good time") before he can start serving the next of the five sentences. Thus, this defendant is actually sentenced to and must actually serve, at the age of 26 years or 27 years, a minimum sentence of 100 years (and very possibly more). This is a fate which has traditionally been reserved, for hundreds of years, for murder and the most heinous of crimes.
The defendant in the instant case, according to my inspection of his "Rap Sheet" undoubtedly has a number of both misdemeanor and felony arrests. All but two of these arrests were refused or dismissed. The two exceptions are that the defendant pled guilty to two misdemeanor thefts of $99.00. Thus, he stands before us convicted of two misdemeanors  no more.
I agree that the record of the defendant does show a continuing periodic indulging in criminal, mostly drug, activity, and I do not mean to minimize this history. Again, I agree that a strong sentence is appropriate  but not 100 years or more to be actually served.
In my opinion, the defendant in the instant case seems to be exactly the type of offender that the Legislature had in mind when it enacted Art. 883 of the Code of Criminal Procedure.[1] In addition, the Louisiana *826 Supreme Court has indicated many times, in case after case, that concurrent sentences should be given under our circumstances unless there are exceptional reasons justifying consecutive sentences.[2] This is reflected by statements made by both bodies that offenses based on the same transaction, or constituting parts of a common scheme or plan, perpetrated by someone without prior felony convictions should have sentences imposed concurrently rather than consecutively. The present crime occurred when the defendant entered a store, robbed the head cashier, the assistant cashier, and customers who were in the store all at the same time. All of the five robberies took place in the same location, practically simultaneously.
I am aware that the trial judge in this matter gave extensive reasons for giving the five consecutive thirty year sentences in what he apparently felt was a justification of same. I have read those reasons carefully and I disagree. In my view, these reasons do not, by any means, sufficiently distinguish these five counts, which occurred all at the same time, in the same place, from other armed robbery cases with much less severe sentences, to justify a sentence to be actually served for 100 years or more so that the defendant would, at best, be 126 years old at completion; and the minimum of 100 years is dependent upon the defendant conducting himself as a model prisoner for 100 years. In plain English, in my view, the trial judge went "overboard" and I consider this particular sentence to be excessive and unfair.
In my opinion, the sentences, of whatever length, should have been made to run concurrently. This way, the defendant could still have been severely punished but would have a sentence in keeping with the type of crime committed and would have some hope, however small, of being a free man again after he had paid a big debt to society. With our overcrowded and under-staffed prisons, it is important to give the prisoner a sense of fair dealing and some incentive not to be incorrigible.
Accordingly, I respectfully dissent from the majority opinion in the above respects. I would affirm the convictions but remand the case to the trial judge for resentencing with a strong recommendation that he consider resentencing the defendant with more reasonable sentences to run concurrently.
NOTES
[1] Art. 821. Motion for post verdict judgment of acquittal

A. The defendant may move for a post verdict judgment of acquittal following the verdict. A motion for a post verdict judgment of acquittal must be made and disposed of before sentence.
B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
C. If the court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
D. If a post verdict judgment of acquittal is granted or if a verdict is modified, the state may seek review by invoking the supervisory jurisdiction of or by appealing to the appropriate appellate court.
E. If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
[2] Art. 883. Concurrent and consecutive sentences

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
[1] La.C.Cr.P. art. 883 reads as follows:

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
[2] State v. Underwood, 353 So.2d 1013 (La.1977). State v. Ortego, 382 So.2d 921 (La.1980) Cert. denied 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980). State v. Jacobs, 383 So.2d 342 (La.1980).