CIACCIO, Judge.
Defendant Sterling Benjamin and co-defendant Herbert Thomas were charged with the commission of the crime of armed robbery perpetrated against Dr. and Mrs. Gilbert Goldman. La.R.S. 14:64. Herbert Thomas pled guilty and was sentenced to two concurrent 22 year sentences. Sterling Benjamin was tried by a jury and found guilty as charged. He was sentenced to two concurrent 35 year sentences. He appeals his conviction and sentence on the basis of one assignment of error. We affirm the conviction and sentence.
Dr. and Mrs. Gilbert Goldman came to New Orleans in order to attend a National Dermatology Convention.
On December 9, 1986 at approximately 10 p.m. they left a local restaurant and proceeded to the Mariott Hotel where they were residing. They, thereafter, left the hotel in order to go to the Cafe DuMonde to have coffee and doughnuts. The couple proceeded, on foot, down Chartres Street. While on Chartres, Dr. Goldman noticed two men on the opposite side of the street walking towards him and his wife. One of the male subjects had a gun drawn. Dr. Goldman cautioned his wife that they were about to be robbed.
The subject with the gun crossed the street and stood in front of the victims while the other subject circled around the couple from behind.
The subject with the gun, who was later identified as Herbert Thomas, demanded Dr. Goldman’s wallet and a ring. When Dr. Goldman experienced difficulty in removing his ring, the second male subject, who was later identified as defendant, Sterling Benjamin, told Thomas to “Shoot him. He is taking too long.” The robbers also took a watch, a gold bracelet and an antique ring from Mrs. Goldman. The robbers then ran away.
This incident was witnessed by a local cab driver who was a member of Taxis On Patrol. This driver called his dispatcher and gave a report of the incident and a discription of the assailants’ clothing. He then followed them several blocks while reporting their location.
A second cab driver also witnessed the incident and he too was able to identify the assailants’ by their clothing. He gave the Goldmans a ride to where they met with a policeman and were placed in his car. Dr. and Mrs. Goldman each gave a description of their assailants.
*371 Within fifteen minutes of the robbery, three New Orleans police officers had overheard the call regarding the robbery and had seen two subjects wearing clothes similar to those described in the call. The subjects were walking lakebound on St. Peter Street, near Jackson Square. These policemen, who were in an unmarked car, pulled next to the subjects. The officers exited their car and they detained and frisked the two subjects. A small caliber pistol was found on Thomas. The search of the two revealed that Thomas had credit cards, a watch and ring and Benjamin had a gold bracelet. The cash taken in the robbery was not recovered.
The Goldmans were brought to the scene and they identified the subjects as being the two men who had robbed them. They also identified their jewelry.
In his defense Sterling Benjamin testified at trial that he was the victim of mistaken identification. He also contended that no jewelry was taken from him by the police.
According to Benjamin, on the night in question, he had left the house of Carla Williams on Desire Parkway and was proceeding by bus to his mother’s house uptown. According to him, as the bus rolled through the French Quarter he saw his friend Herbert Thomas running through the Quarter. Benjamin exited the bus to come to his friend’s aid and at that time the police arrived and he was arrested with Thomas.
In his sole assignment of error the defendant contends that the trial court imposed an excessive sentence. La. Const. Art. 1, Sec. 20.
The statutorily prescribed penalty for armed robbery is imprisonment for not less than five years nor more than ninety-nine years, without benefit of parole, probation or suspension of sentence. La.R.S. 14:64.
In order to determine whether a particular sentence is excessive, the reviewing court must decide whether it is so disproportionate to the severity of the crime as to shock the sense of justice. State v. Bonanno, 384 So.2d 355 (La., 1980). In reaching this determination, the reviewing court is aided by the trial judge’s reasons expressed at the time of the imposition of sentence. State v. Stegall, 377 So.2d 103 (La., 1979). The determination of sentence is within the sound discretion of the trial judge. State v. Holmes, 504 So.2d 589 (La.App., 4th Cir., 1987). A court is not required to consider sentences given to co-defendants when imposing sentence. State v. Norbert, 486 So.2d 338 (La.App., 3rd Cir., 1986). The sentence imposed must be individualized in that it should be adapted to the offender and the offense. State v. Wright, 384 So.2d 399 (La., 1980). Although the trial court need not articulate every aggravating and mitigating circumstance, the record must reflect that the trial court adequately considered the sentencing guidelines in particularizing the sentence to the defendant. La.C.Cr.P. Art. 894.1. See: State v. Gray, 404 So.2d 1215 (La., 1981). The reviewing court will vacate a sentence and remand for resentenc-ing when the sentence is disproportionately severe when considered in light of the offense committed and the reasons for such sentence imposed. See: State v. Russell, 397 So.2d 1319 (La., 1981).
In this case this defendant was sentenced to two concurrent thirty-five year terms, to be served without benefit of parole, probation of suspension of sentence.
The record reveals that the judge was aided by a presentence investigation report in imposing sentence. The record also reveals the following reasons expressed at the time of sentencing:
By the Court:
I feel the identification was more than sufficient. Mr. Sterling denies his participation in the offenses. They were something in the vicinity of four thousand dollars that was taken, although everything was recovered, other than the cash. Mr. Sterling still contends that he is innocent to the offense itself and still maintains the same thing that happened that he—that was testified to during the trial. When he saw his friend running and got off a bus to find out what was wrong. Mr. Sterling is the individual that was *372 identified as the one telling Mr. Thomas to kill victims in the matter. And then although Mr. Sterling has no prior criminal record either as a juvenile or as an adult up to this offense I feel that because of the threats on the victims’ life at the time of the robbery necessitated a more harsh sentence than that given to his co-defendant. I feel that any lesser sentence would derrogate from the seriousness of the matter and because of those reasons I will sentence Mr. Benjamin to serve thirty-five years in the Department of Corrections at hard labor. I will grant him credit for time served, waive court cost. I will make the sentence without benefit of parole, probation, or suspension of sentence.
The sentence imposed was within statutory limits. It is clear that in imposing sentence the trial judge considered both mitigating and aggravating circumstances, and he individualized the sentence to the offender and the offense. La.C.Cr.P. Art. 894.1. We find that the judge did not abuse his discretion and, under the circumstances of this case, the two concurrent 35 year sentences imposed upon Sterling Benjamin are not excessive.
For these reasons the defendant’s conviction and sentences are affirmed.
AFFIRMED.