551 So.2d 16 (1989)
STATE of Louisiana
v.
Glenn JOHNSON.
No. 88-KA-1284.
Court of Appeals of Louisiana, Fourth Circuit.
September 28, 1989.
*17 C. Joseph Murray, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Jack Peebles, Asst. Dist. Atty., New Orleans, for appellee.
Before GARRISON, CIACCIO and BECKER, JJ.
CIACCIO, Judge.
Defendant, Glenn Johnson, was charged by bill of information with theft in excess of $500.00. R.S. 14:67. A jury found Johnson guilty as charged, and the state filed a multiple bill. At the hearing on the multiple bill, the trial judge found Johnson to be a second offender and sentenced him to eight years at hard labor without benefit of probation, parole or suspension of sentence and without benefit of good time.
Defendant appeals asserting two assignments of error. He contends the trial judge erred in adjudicating him a multiple offender because the state failed to prove defendant had been adequately Boykinized on the predicate offense. He also contends the trial judge erred in imposing a sentence without benefit of parole.
On August 17, 1987, defendant and another man entered Manner's Jewelry Store on Canal Street to redeem an item defendant had pawned several days earlier. Defendant gave his driver's license and the pawn ticket to Linda Newman, a store employee. Newman went to the back of the store to determine whether defendant could redeem the item. While Newman was in the back, another store employee, Virginia Edwards, saw defendant put his hand into a display case where there was a tray of rings. Edwards then called out to Newman, and defendant left the store. Shortly before, Leonard Gunzburg, the owner of the jewelry store, saw defendant remove the tray of rings from the display case. Gunzburg went to retrieve his gun but by this time defendant had left the store with the tray containing 72 "Christ Head" rings with a total value of $2876.40.
In appealing his multiple offender status, defendant argues the use of the minute entry and the waiver of rights plea of guilty form are insufficient to show he knowingly and intelligently waived his rights when he pled guilty to the predicate offense.
The predicate offense in the multiple bill at issue is defendant's guilty plea on January 5, 1983 to theft under $100.00 enhanced by two prior theft convictions to a felony (case no. 293-811).
As a general rule, the best method of proving a free and voluntary waiver of *18 constitutional rights is the recorded transcript of the Boykin examination. However, the transcript is not indispensable when the record contains some other affirmative showing that a defendant had been advised of his constitutional rights. State v. Nuccio, 454 So.2d 93 (La. 1984); State v. Smith, 477 So.2d 875 (La.App. 4th Cir.1985).
In the instant case, the state failed to produce a transcript from the Boykin examination in case no. 293-811, but did produce a minute entry of defendant's prior guilty plea and also the waiver of rights form signed by the defendant.
The minute entry from the hearing on January 5, 1983 reads in part:
The defendant was present with Attorney Craig Colwart. The defendant waived reading the Bill of Information and entered a Plea of Guilty as Charged. The defendant was Sworn and Boykinized as per notes of the Court Reporter. The court ordered the Guilty Plea recorded.
The waiver of rights form signed by the defendant on that same day sets forth his right to a trial by judge or jury, his right to face and cross-examine his accusers, his privilege against self incrimination and his right to compel the attendance of witnesses. Defendant's initials appear after each right listed.
Although the deficiencies in the minute entry alone are readily apparent, the waiver of rights guilty plea form clearly delineates defendant's Boykin rights and his voluntary waiver of them. Considering the waiver of rights guilty plea form in conjunction with the minute entry, we find there is sufficient proof that the defendant knowingly, intelligently and voluntarily waived his rights when he pled guilty to the predicate offense on January 5, 1983. This assignment lacks merit.
Finally, defendant argues he was improperly denied parole.
The record reflects that following the multiple bill hearing the trial judge sentenced the defendant to eight years at hard labor without the benefit of probation, parole or suspension of sentence.
R.S. 14:67 provides that where the amount of the theft exceeds $500.00, the sentence provides imprisonment with or without hard labor for no more than ten years, and/or a fine of not more than $3000.00. The statute does not prohibit parole. Further, R.S. 15:529.1, the multiple offender statute, states that a sentence thereunder shall be without benefit of probation or suspension of sentence. No provision is made for denial of parole. Hence, the defendant's sentence as a second felony offender should not have prohibited parole.
For the foregoing reasons, defendant's conviction as a multiple offender is affirmed. We amend his sentence to delete that portion which denies defendant parole, and as amended, the sentence is affirmed.
CONVICTION AFFIRMED; SETENCE AMENDED and AS AMENDED AFFIRMED.