550 So.2d 1374 (1989)
STATE of Louisiana
v.
Melecio AVILA.
No. 89-KA-233.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1989.
*1375 Harry J. Morel, Jr., Dist. Atty., Gregory C. Champagne, Asst. Dist. Atty., Hahnville, for plaintiff/appellee.
R.O. Lewis, Luling, for defendant/appellant.
Before CHEHARDY, BOWES and GOTHARD, JJ.
GOTHARD, Judge.
On February 25, 1988, the State filed bill of information number 88-0041 charging Jorge Avila with one count of aggravated burglary in violation of LSA-R.S. 14:60 and one count of armed robbery in violation of LSA-R.S. 14:64. Subsequently, the bill was amended to include Jorge's brother, Melecio Avila, (defendant herein) as co-defendant.
At the outset we note several problems with the instigation of prosecution in this case. Although not objected to at trial or assigned as error, the deficiencies are within the scope of our review because they are discoverable by a "mere inspection of the pleadings and proceedings." C.Cr.P. art. 920(2).
The amendment as to count two of bill number 88-0041 is specifically dated October 14, 1988.[1] However, we note that the defendant was arraigned on March 15, 1988 under bill of information number 88-0075,[2] although that bill was not filed until December 6, 1988. Defendant was again arraigned on December 19, 1988 on bill of information number 88-0075 and pled not guilty.
Bill of information number 88-0075 charges Melecio Avila with one count of aggravated burglary and two counts of armed robbery, the charges on which he was tried. There appears to be an attempt by the State to consolidate the two bills since the number 88-0075 was hand written on bill number 88-0041. However, the record does not indicate that the charges against defendant contained in bill number 88-0041 were dismissed. To insure that the defendant will not be placed in double jeopardy, we order the trial court to dismiss bill of information number 88-0041 only as it relates to the defendant, Melecio Avila.
On December 20, 1988 the defendant was tried by a jury and found guilty as charged on all three offenses charged on bill of information number 88-0075. He was sentenced on January 30, 1989 to serve thirty-three years at hard labor without benefit of parole, probation or suspension of sentence on each of the armed robbery convictions to run concurrently and ten years at hard labor on the aggravated burglary conviction, to run consecutively to the armed robbery sentences. We affirm the convictions and sentences.
FACTS
At about 10:15 p.m. on October 4, 1987 James and Sherry Henry returned to their home, a condominium located in a four unit building in Destrehan, after spending an evening out in celebration of Mrs. Henry's birthday. Mr. Henry got out of the car and went to lock his van which was parked in the next space. As he and his wife walked back to their front door, they were approached by two men armed with hand guns.
*1376 One of the men put a gun to James Henry's face and took his watch and wallet. At the same time the other man took Sherry Henry's jewelry. The perpetrators, later identified as the defendant, Melecio Avila, and his brother Jorge, ordered James Henry to open the door.
Once inside the house Jorge forced Sherry Henry upstairs to the master bedroom and ordered her to lie down on the floor while he went through the room collecting jewelry and other valuables. In the meantime the defendant held James Henry at gunpoint in the den while picking up certain items. Mr. Henry was taken upstairs and forced to lie on the floor beside his wife while one of the robbers went into another bedroom. When he returned both men tied the Henrys up with electrical cords and departed, taking many of the Henrys' belongings including a television set, a V.C.R. and jewelry, some of which were heirlooms of great sentimental value. The estimated monetary value of the stolen items was between five and six thousand dollars.
Although the defendant assigned six errors for our review, he has only briefed three. We consider the remaining three assignments to be abandoned and will address only the three errors briefed. Uniform RulesCourts of Appeal Rule 2-12.4.
ASSIGNMENT NUMBER ONEThe trial court erred in denying the motion to suppress the identification.
The defendant argues that the photographic line-up used by police officers was unduly suggestive because the background on defendant's picture was a different color than the others in the line-up and because defendant is the only suspect depicted with the word "repeater" on the identification plate around his neck.
Recently in State v. Gabriel, 542 So.2d 528, 536 (La.App. 5 Cir.1989) this court explained:
A defendant who seeks to suppress an identification bears the burden of proving that the identification procedure used was suggestive and that as a result there was a likelihood of misidentification. State v. Smith, 520 So.2d 1305 (La.App. 5th Cir.1988). A photographic line-up is considered suggestive if the photographs display the defendant in such a matter that the witness' attention is unduly focused on him. State v. Smith, supra.
A careful review of the record reveals that police officers used two separate photographic line-ups in the identification process in this case. One set contained a photograph of the defendant, Melecio Avila, and the other contained a photograph of his brother, Jorge. The picture to which defendant objects is that of Jorge Avila rather than the defendant himself. We find this to be of no consequence in the identification of the defendant.
In assessing defendant's claim that the line-up was unduly suggestive because the defendant's identification plate contained the word "repeater", we considered pertinent testimony adduced at trial as well as that received at the motion to suppress hearing since all such evidence is reviewable. State v. Seward, 509 So.2d 413 (La. 1987); State v. Gabriel, supra.
The detective who compiled the photo line-up and both victims who viewed the line-up testified that they did not notice the word "repeater". The trial court apparently believed that testimony. This is a credibility determination which will not be disturbed on appeal unless clearly contrary to the evidence. State v. Jackson, 527 So.2d 1039 (La.App. 5th Cir.1988). We find no contrary evidence in this instance.
Therefore, we conclude that the defendant has failed in his burden to show that the procedure used was suggestive. This assignment is without merit.
ASSIGNMENT NUMBER TWOThe court erred in denying the defense the right to offer evidence that the defendant rejected a plea bargain.
While testifying in his own behalf, the defendant attempted to introduce evidence *1377 that he had been offered, and declined, an opportunity to plead guilty in exchange for a recommendation that he receive a twenty-five year sentence. The defendant contended that his action in rejecting that offer is a fact from which innocence can be inferred and that it reflects on his credibility.
In opposing the admission of such evidence, the State argued that rejection of a plea bargain would create a collateral issue that would distract the jury. The jury, being unfamiliar with the reasons for plea bargains, may have concluded that the State was doubtful of its case against the defendant. Additionally, the State argued that such testimony is merely cumulative since the defendant's presence at trial is an assertion of his innocence.
After consideration of the arguments made by each side, the trial court refused to allow the defendant to give the disputed testimony. The court ruled that the testimony would be improper, reasoning that rejection of a plea bargain is a statement of innocence and thus is a prior consistent statement.
We find the ruling of the trial court correct. By refusing to accept a plea bargain the defendant asserted his innocence. He further stated his innocence by entering a plea of not guilty and proceeding to trial. These actions constitute consistent assertions of innocence.
A prior consistent statement is only admissible in evidence to corroborate testimony made at trial after that testimony has been assailed as to a particular fact. LSA-R.S. 15:496; Baltzar v. Missouri Pacific Railroad, 406 So.2d 324 (La.App. 3rd Cir. 1981). As there was no evidence presented to show that the defendant admitted guilt, the fact that he asserted his innocence had not been assailed. Therefore, his rejection of the plea bargain was a prior consistent statement which was inadmissible. This assignment is without merit.
ASSIGNMENT NUMBER THREEThe court gave undue weight to the aggravating circumstances in the sentencing guidelines while failing to accord proper weight to the mitigating circumstances, thereby imposing an excessive sentence.
The defendant was sentenced to two concurrent thirty-three year sentences on the armed robbery convictions and to a ten-year term on the aggravated burglary conviction to run consecutively to the longer terms. He objects to the length of the sentence and also to the fact that the sentence on the aggravated burglary was made to run consecutively with the armed robbery sentences.
The Louisiana Constitution of 1974, Article 1, Section 20 prohibits the imposition of cruel, unusual or excessive punishment. Sentences are considered excessive if "grossly out of proportion to the severity of the crime" or "nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La.1984); cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). Sentences that are within the statutory limit may nevertheless be considered excessive. Sentences must be individualized to be compatible with the offender as well as the offenses. State v. Studivant, 531 So.2d 539 (La.App. 5th Cir.1988).
The legislature has enacted guidelines to be considered by the trial court in sentencing a particular defendant. See C.Cr.P. art. 894.1. Although the trial court need not recite the entire checklist of C.Cr.P. art. 894.1, the record should reflect that the trial judge adequately considered the guidelines. State v. Studivant, supra; State v. Davis, 448 So.2d 645 (La.1984).
Important elements which must be considered are the convict's personal history (age, family ties, marital status, health, employment record), prior criminal record or absence thereof, seriousness of the particular offense, and the likelihood of recidivism or rehabilitation.
State v. Soco, 441 So.2d 719, 720 (La.1983), appeal after remand, 508 So.2d 915 (La. App. 4th Cir.1987).
*1378 A trial judge may use her authority to impose a concurrent or consecutive sentence for more than one conviction. Generally sentences for offenses arising out of a single course of criminal conduct are served concurrently instead of consecutively. C.Cr.P. art. 883. However, consecutive sentences are not per se excessive. State v. Williams, 445 So.2d 1171 (La.1984); State v. Duvio, 511 So.2d 821 (La.App. 5 Cir.1987). The imposition of consecutive sentences for a conviction arising out of a single course of criminal conduct requires particular justification. State v. Gaudin, 493 So.2d 234 (La.App. 5th Cir.1986), appeal after remand, 508 So.2d 594 (La.App. 5th Cir.1987). Consecutive sentences are justified when the offender poses an unusual risk to the safety of society. State v. Gaudin, supra.
It is clear from the record that the trial court adequately considered the guidelines of C.Cr.P. art. 894.1 in sentencing this defendant. The court took into consideration the pre-sentence report and the individual circumstances surrounding these offenses. In partial explanation of the sentence imposed, the trial court discussed the seriousness of the crimes and stated:
"Although neither of the victims was injured physically, the violation of the privacy of one's home by a person who proceeds to tie and threaten and rob is most serious and necessarily has a long lasting emotional impact on those who are victimized."
Because of the extreme seriousness of crimes which involved the invasion of the victims' home and the risk of violence, we find no error in the imposition of a consecutive sentence on the aggravated burglary conviction.
The defendant argues that the instant defendant's sentence of thirty-three years on each armed robbery count is excessive in view of prior jurisprudence. We disagree. Considering the statutory maximum on this conviction of ninety-nine years, we do not find the defendant's sentence excessive. We further find the sentence to be supported by reported cases with similar circumstances in this and other courts. See, State v. Duvio, supra; State v. Jenkins, 508 So.2d 191 (La.App. 3rd Cir. 1987), writ denied 512 So.2d 438 (La. 1987); State v. Gilmore, 522 So.2d 658 (La.App. 5th Cir.1988); State v. Hupp, 514 So.2d 271 (La.App. 5th Cir.1987); State v. Benjamin, 537 So.2d 369 (La.App. 4th Cir.1988); State v. Smith, 516 So.2d 210 (La.App. 4th Cir. 1987).
The trial court has great discretion in imposing a sentence within statutory limits. When the trial court has complied with the guidelines of C.Cr.P. art. 894.1 a sentence will not be set aside as excessive absent a clear abuse of discretion. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Accardo, 466 So.2d 549 (La.App. 5th Cir.1985); writ denied, 468 So.2d 1204 (La.1985). We find no such abuse of discretion in this instance.
For the foregoing reasons the convictions and sentences are affirmed and the trial court is ordered to dismiss bill of information number 88-0041 only as it relates to Melecio Avila.
AFFIRMED.
NOTES
[1] It is unclear whether all other amendments to the bill were also made on October 14, 1988. The minute entries make no other mention of the amendment of bill number 88-0041.
[2] Although the minute entry indicates an arraignment on bill 88-0075, the charges are those in bill number 88-0041.