563 So.2d 990 (1990)
STATE of Louisiana
v.
Jorge C. AVILA.
No. 90-KA-24.
Court of Appeal of Louisiana, Fifth Circuit.
June 6, 1990.
*991 Harry J. Morel, Jr., Dist. Atty., Hahnville, for plaintiff/appellee.
Victor E. Bradley, Jr., Norco, for defendant/appellant.
Before CHEHARDY, GAUDIN and GOTHARD, JJ.
GOTHARD, Judge.
The defendant, Jorge Avila, was charged by bill of information filed on February 25, 1988 with aggravated burglary in violation of LSA-R.S. 14:60 and armed robbery in violation of LSA-R.S. 14:64.[1] He was arraigned on the same day and pled not guilty. On October 14, 1988 a second bill of information was filed[2] charging the defendant with the same two crimes and adding a third crime, a second count of armed robbery. The defendant was arraigned before the trial on October 19, 1988. Also on that date motions to suppress the photographic and the physical line-up were denied. After a jury trial the defendant was found guilty as charged on all three counts. A defense motion for new trial filed on November 21, 1988 was denied on December 15, 1988, and defendant was sentenced to serve thirty-three years at hard labor without benefit of parole, probation or suspension of sentence on each count of armed robbery to run concurrently and ten years at hard labor on the aggravated burglary conviction to run consecutively to the armed robbery convictions. Defendant appeals his convictions and sentences. We affirm.

FACTS
At about 10:15 p.m. on October 4, 1987 James and Sherry Henry returned to their apartment after an evening out. As they got out of the car and walked toward their front door they were approached by two armed men later identified as the defendant, Jorge Avila, and his brother Melecio. One of the perpetrators took James Henry's watch and wallet while the other took Sherry Henry's jewelry.
After robbing the Henrys at gunpoint outside of the apartment, the Avilas ordered James Henry to open the door. The defendant took Sherry Henry upstairs to the master bedroom and forced her to lie down on the floor while Melecio stayed in the den with James Henry. Both Avilas took various items from the Henrys' home. Mr. Henry was taken upstairs and made to lie down beside his wife. The Avilas tied up the Henrys with electrical cords and *992 departed with many of the victims' property including a television set, a VCR and jewelry, some of which were heirlooms of great sentimental value. The estimated monetary value of the stolen items was between five and six thousand dollars.
Also stolen in the robbery was a payroll check made out to James Henry. That check was found subsequently at the job service office on Airline Highway in Jefferson Parish. Cooperation with the Jefferson Parish officials and composite drawings made in accordance with the Henrys' description of the perpetrators led to the arrest of the defendant and his brother.
By his first assignment the defendant argues that the trial court erred in denying the motion to suppress the photographic line-up. The defendant argues that the line-up was unduly suggestive because the color of the background in his photograph is purple while the other photographs have gray backgrounds. He maintains the distinctive background focused the victims' attention on the defendant.
The review of the constitutionality, and therefore the admissibility, of an out of court identification procedure requires a two-fold inquiry. Initially it must be determined if the police officials used an impermissibly suggestive procedure to obtain the identification. Secondly, if the procedure is suggestive, did it give rise, under all of the circumstances, to a substantial likelihood of irreparable misidentification? Mason v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Gordon, 504 So.2d 1135 (La.App. 5th Cir.1987).
It is the defendant who bears the burden of proving that the identification procedure used was unduly suggestive and that as a result there was a likelihood of misidentification. State v. Smith, 520 So.2d 1305 (La.App. 5th Cir.1988); State v. Gabriel, 542 So.2d 528 (La.App. 5th Cir. 1989). A photographic line-up is considered suggestive if the photographs display the defendant in such a manner that the witness' attention is unduly focused on the defendant. State v. Smith, supra; State v. Gabriel, supra.
In support of his position defendant cites, Passman v. Blackburn, 652 F.2d 559 (5th Cir.1981), cert den, 455 U.S. 1022, 102 S.Ct. 1722, 72 L.Ed.2d 141 (1982). In Passman, the victim was shown an array of twelve photographs. All were black and white mug shots except that of the defendant which was a color front view photograph. In that case it was held that such a line-up carried inherent suggestivity and was improper.
We have examined the five photos in the instant case and do not agree that the line-up carried the same inherent suggestivity as did the line-up in Passman. In the case at hand all photos were the same size color mug shots giving both a front and side view of the subjects. Defendant's argument implies that the backgrounds on all of the photos except his were identical causing his photograph to be distinctive. That is not the reality. No two backgrounds are alike. Thus we do not find Passman, supra, controlling in this matter.
At the motion to suppress hearing both Mr. and Mrs. Henry testified. Both victims stated they identified the defendant because they recognized his facial features and both denied noticing anything unusual about the photographs which tended to suggest who should be selected. Under these circumstances, we do not find the photographic line-up to be unduly suggestive. This assignment is without merit.
By his second assignment of error the defendant asserts that his sentence was excessive. As previously stated he was sentenced to two concurrent thirty-three year sentences on the armed robberies, and to a ten year term on the aggravated burglary conviction to run consecutively to the other sentences.
The Louisiana Constitution of 1974, Article 1, Section 20 prohibits the imposition of cruel, unusual or excessive punishment. Sentences are considered excessive if "grossly out of proportion to the severity of the crime" or "nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La.1984); cert denied, Brogdon *993 v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). Sentences that are within the statutory limit may nevertheless be considered excessive. Sentences must be individualized to be compatible with the offender as well as the offenses. State v. Studivant, 531 So.2d 539 (La.App. 5th Cir.1988); State v. Avila, 550 So.2d 1374 (La.App. 5th Cir.1989).
Guidelines for sentencing are contained in C.Cr.P. art. 894.1. While the trial court is not obliged to recite the entire checklist contained in art. 894.1, the record should reflect that adequate consideration was given to these guidelines.
Additionally, particular justification is required when sentences for convictions arising out of a single course of criminal activity are made to run consecutively instead of concurrently. C.Cr.P. art. 883, State v. Gaudin, 493 So.2d 234 (La.App. 5th Cir.1986), appeal after remand, 508 So.2d 594 (La.App. 5th Cir.1987). Consecutive sentences are not per se excessive and are justified when the offender poses an unusual risk to the safety of society. State v. Gaudin, supra; State v. Avila, supra.
In sentencing this defendant the trial court indicated that consideration was given to both aggravating and mitigating factors as mandated by C.Cr.P. art. 894.1. As mitigation the trial court found that neither of the victims were physically injured, the defendant was a first offender and two favorable letters were received from former employers of the defendant. However, the trial court also noted the seriousness of the crimes and stated,
... the violation of the privacy of one's home by one who proceeds to tie, threaten, and rob is most serious and necessarily has a long lasting emotional impact on those who are victimized.
. . . . .
In this case the victims were tied and guns were held to their heads. No one knows what action a false move by the victims would have caused.
The trial court also stated that the seriousness of the crimes warranted the consecutive sentences. We find adequate compliance with the sentencing guidelines and no error in the imposition of consecutive sentences.
The trial court has great discretion in imposing sentence within the statutory limits. When the trial court has complied with the guidelines in C.Cr.P. art. 894.1, a sentence will not be vacated as excessive absent a clear abuse of discretion. State v. Trahan, 425 So.2d 1222 (La. 1983); State v. Avila, supra. The statutory maximum on a conviction of armed robbery is ninety-nine years and on aggravated burglary it is thirty years. Under the circumstances of the instant case we find no abuse of the trial court's discretion in sentencing this defendant. See State v. Duvio, 511 So.2d 821 (La.App. 5th Cir. 1987); State v. Jenkins, 508 So.2d 191 (La. App. 3rd Cir.1987) writ denied 512 So.2d 438 (La.1987); State v. Patterson, 540 So.2d 515 (La.App. 1st Cir.1989).
Upon review of defendant's sentence we note that the trial court failed to observe the twenty-four hour delay required by LSA-C.Cr.P. art. 873. The defendant filed a motion for new trial and a motion for arrest of judgment. These motions were heard and denied immediately before the sentencing. There is no indication in the record that defendant waived the sentencing delays before being sentenced. Although this error was not addressed by the defendant, it is noticeable by an inspection of the record and is a matter for consideration on appeal. LSA-C.Cr.P. art. 920(2).
When a defendant challenges the penalty imposed we cannot consider the violation of the twenty-four hour delay mandate contained in art. 873 to be harmless error. State v. Augustine, 555 So.2d 1331 (La.1990). A sentence illegally imposed, even one not constitutionally excessive, is null, and constitutes no valid premise for continued incarceration. State v. Augustine, supra.
We also note that, although implied, a sentence imposed on each of the two *994 counts of armed robbery is not expressed in the minute entry.
For the foregoing reasons the defendant's convictions are affirmed. The sentences are vacated. The case is remanded to the district court for resentencing.
CONVICTIONS AFFIRMED; SENTENCE VACATED; CASE REMANDED.
NOTES
[1] The bill was subsequently amended to also charge defendant's brother, Melecio, with these crimes.
[2] This second bill is numbered the same as the first and the minutes indicate the state's intent was to amend the original bill to add the third count, not to file a new bill.