606 So.2d 567 (1992)
STATE of Louisiana
v.
Dwayne DEARMAS.
No. 92-KA-303.
Court of Appeal of Louisiana, Fifth Circuit.
September 29, 1992.
*568 John M. Mamoulides, Dist. Atty., Gretna, for plaintiff/appellee.
Philip E. O'Neill, Gretna, for defendant/appellant.
Before GRISBAUM, WICKER and GOTHARD, JJ.
WICKER, Judge.
Defendant, Dwayne Dearms,[1] was charged by Bill of Information with violating La.R.S. 40:967 A in that he did knowingly and intentionally distribute a controlled dangerous substance, to wit: cocaine. The matter was heard before a jury. He was convicted as charged. A multiple bill hearing was later conducted. The trial judge ruled the defendant could be sentenced as a second offender under the multiple bill statute. La.R.S. 15:529.1. He sentenced the defendant to eight years at hard labor with credit for time served. Dearms was subsequently resentenced under the multiple bill statute to 15 years at hard labor, without benefit of probation, parole or suspension of sentence with credit for time served. We affirm the conviction; set aside the sentences, and remand for resentencing.
Dearms assigns the following errors on appeal:
1. An error patent review, and
2. The assertion that no rational trier of fact could have found him guilty of distribution of cocaine.

ERROR PATENT
When a multiple offender bill of information is filed, La.R.S. 15:529.1 D provides that the trial court shall order the defendant to appear before it and "shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true." This provision has been interpreted as requiring that the defendant be advised of his right to a formal hearing and to have the State prove its case. See State v. Martin, 427 So.2d 1182 (La.1983). Additionally, it implicitly requires that the court advised the defendant of his right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983), appeal after remand, 457 So.2d 1251 (La. App. 1st Cir.1984), appeal after remand, 471 So.2d 1041 (La.App. 1st Cir.1985).
The minute entry indicates that the defendant pled not guilty when arraigned on the multiple bill on July 26, 1991; however, *569 it does not reflect whether at that time the trial court advised the defendant of his right to a trial and to remain silent at the multiple bill hearing. Furthermore, the transcript of the multiple bill hearing reveals that the trial court failed to advise the defendant of those rights prior to the hearing.
Nevertheless, the failure of the trial court to advise the defendant of his right to a trial and to remain silent is harmless error where the multiple offender status is established by competent evidence offered by the State at the hearing, rather than by admission of the defendant. State v. Washington, 563 So.2d 530 (La.App. 5th Cir.1990). To prove that a defendant is a multiple offender, the State must establish by competent evidence that there is a prior felony and that the defendant is the same person who was convicted of the prior felony. State v. Chaney, 423 So.2d 1092 (La. 1982); State v. Jones, 516 So.2d 396 (La. App. 5th Cir.1987), appeal after remand, 537 So.2d 848 (La.App. 5th Cir.1989). Where the prior conviction resulted from a plea of guilty, the State must show that the defendant was advised of his constitutional rights and that he knowingly waived those rights prior to this plea of guilty, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State v. Jones, supra.
At the multiple bill hearing the State established that the defendant had previously been convicted of simple possession of cocaine in June of 1987. Merril Boling, an expert in the field of fingerprint analysis, testified the defendant's fingerprints matched the fingerprints contained in the records of the previous conviction. Because the conviction resulted from a plea of guilty, the State introduced the waiver of rights form executed by the defendant, defense attorney and the trial judge and a transcript of the plea colloquy to prove the defendant was properly "Boykinized." Consequently, the trial court's failure to advise the defendant of his right to a trial and to remain silent at the multiple bill hearing was harmless error.
Additionally, the minute entry and commitment reveals that the original sentence of eight years at hard labor was set aside and vacated when the trial court resentenced the defendant as multiple offender; however, the transcript which prevails reflects that the trial court failed to vacate the original sentence. See State v. Lynch, 441 So.2d 732 (La.1983). La.R.S. 15:529.1 D provides that when sentencing the defendant as a multiple offender the court "shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated." Where the original sentence on the underlying offense has not been vacated at the time of the sentencing the defendant as a multiple offender, the original sentence remains in effect and the subsequent sentence as a multiple offender is null and void. See State v. Hingle, 242 La. 844, 139 So.2d 205 (1961).
Furthermore, the transcript, unlike the minute entry and commitment, reveals that the trial court ordered the sentence to be served without the benefit of probation, parole, or suspension of sentence; however, La.R.S. 15:529.1 G states that a sentence thereunder shall be without benefit of probation or suspension of sentence. No provision is made for denial of parole. Therefore, the defendant's sentence as a multiple offender should not have prohibited parole. See State v. Johnson, 551 So.2d 16 (La.App. 4th Cir.1989). A remand for resentencing is warranted. However, we affirm the conviction for the following reasons.

SUFFICIENCY OF EVIDENCE
The testimony at trial set forth the following:
Rose Tate, an expert in the field of forensic chemistry, testified she is employed as a forensic chemist for the Jefferson Parish Sheriff's Office. On April 9, 1991 she obtained an evidence lock key from Milton Dureau, the head forensic chemist. E. Morse turned the evidence to the crime lab. There were two white rocks which tested positive for cocaine as well as 6.2 grams of white power containing cocaine. Defense *570 counsel stipulated as to the chain of custody.
Lt. John Thevenot, supervisor of the narcotics division for the Jefferson Parish Sheriff's Office, testified on October 4, 1990 a narcotics investigation of 328 Rotunda Street in Avondale began. His office had received information from a reliable confidential informant that members of a family residing there were distributing cocaine. Thevenot stated he instructed agents Declouet and Wilson to visit the residence and make a purchase. These agents made the purchase. The defendant was arrested December 3, 1990. Thevenot never saw the defendant as the transaction occurred inside the house.
Undercover narcotics agent Corey Wilson testified he went with Declouet to 328 Rotunda to purchase narcotics. They purchased narcotics from a black male. He identified the defendant as the one from whom he purchased two rocks at $20.00 a piece. Wilson identified the evidence as being marked with his initials at the time of the purchase.
Undercover narcotics agent Wilkie Dwayne Declouet testified he went with Wilson to 328 Rotunda to purchase narcotics. He purchased a clear plastic bag with a white powdery substance for $275.00. He identified the defendant as the person from whom he made the purchase. He identified the powder in evidence as the one which he purchased and marked.
Defense counsel stipulated the evidence in the exhibits was the same evidence bought by the agents at 328 Rotunda on October 4, 1990.
The defendant's case consisted of the following witnesses.
Marguerite Dearmas, the defendant's mother, testified Dwayne was in a motorcycle accident in the later part of September, 1990 approximately the 10th or the 15th. He was on the crutches and had a removable knee brace.
She stated Dwayne lived with her at Rotunda Street. On October 4, 1990 he was not at home but was at his girlfriend's house in Forest Isles. However, on cross examination she admitted she could not really state where her son was on this particular date.
Dr. Charles P. Murphy, an expert in the field of Orthopedic Surgery, testified he treated the defendant. He saw him September 28, 1990 as a result of multiple injuries from a motorcycle accident on September 21, 1990. He placed him in a velcro knee immobilizer splint, crutches, and a finger splint. The defendant did not need these aides to walk, but rather to avoid excess stress. The laceration on the finger would be healing within seven days so that a lay person would generally not notice it.
Defense counsel argues the following:
Both Agents Declouet and Wilson testified that they went to 328 Rotunda Drive on October 4, 1990. Each identified a photograph of this residence after substantial alterations had been made. The photograph had been taken after the commencement of trial. The house had been repainted and other structural alterations had been completed. No photograph of the residence was taken on October 4, 1990. Yet, each agent identified 328 rotunda as the residence where the sale of cocaine was transacted. No obstacle had prevented the clandestine photographing of this residence on or about the time of the alleged purchase of cocaine, if this is, [sic] in fact, was the locus of the alleged sale. This absence of timely police work calls into question the value of the belated photograph taken approximately one and one-half years after the alleged sale. The presence of the officers at this residence is rebutted by Marguerite Dearmas, mother of the defendant.
The old photograph is further evidence of negligible police work. If defendant's residence at 328 Rotunda Drive was the site of the alleged sale, photographic surveillance was available at or around the alleged time of the sale.
Lt. John Thevenot testified he was apprised by a reliable confidential informant that a family residing at 328 Rotunda Street in Avondale was distributing cocaine. Thus, he did not state he identified *571 the site for a narcotics transaction by a photograph.
Defense counsel also argues neither agent identified the defendant "by his then obvious medical condition." However, Dr. Murphy testified the defendant did not need to wear the aides to walk.
In evaluating the sufficiency of the evidence, the standard to be used by the appellate court is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305 (La.1988); State v. DiLosa, 529 So.2d 14 (La.App. 5th Cir.1988), writ denied, 538 So.2d 1010 (La.1989).
The defendant was convicted of distribution of cocaine. To support such a conviction the prosecution must have established that the defendant knowingly or intentionally distributed cocaine. LSA R.S. 40:967 A; 40:964 Schedule II A(4).
Encompassed in proving the elements of the offense is the necessity of proving the identity of defendant as the perpetrator. Employing the Jackson standard set forth, supra, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Duvio, 511 So.2d 821 (La.App. 5th Cir.1987).
After hearing the above evidence the jury chose to believe the State's witnesses that it was the defendant who sold cocaine to the two undercover agents. It is the function of the jury to determine what weight to attribute to the evidence affecting identification of the defendant. State v. Duvio, supra. Furthermore, it is not the function of the appellate courts to reevaluate the credibility choices and findings of fact made by the jury. State v. Green, 469 So.2d 1161 (La.App. 5th Cir.1985). Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the defendant committed the offense of distribution of cocaine.
Accordingly, for the reasons stated the conviction is affirmed but the sentences are set aside. This matter is remanded for resentencing in accordance with the views expressed herein.
CONVICTION AFFIRMED; SENTENCES SET ASIDE; MATTER REMANDED FOR RESENTENCING.
NOTES
[1] Throughout the brief defense counsel spells defendant's name as "Dearmas" rather than "Dearms" as charged in the Bill of Information.