KNOLL, Judge.
The above numbered and entitled matter was consolidated for trial with the case of State of Louisiana v. Long, 473 So.2d 907 (La.App.3rd Cir.1985), a companion case in which we this day render a separate opinion.
The defendants, Ronnie Long and Russell Long, were jointly charged by bill of information with simple burglary, a violation of LSA-R.S. 14:62. The defendants were tried jointly by a six member jury in which they were found guilty as charged. Prior to sentencing the State filed multiple offender bills against both defendants. After conducting hearings on each multiple offender bill, the trial court sentenced Ronnie Long to serve eighteen years at hard labor to run consecutive to any sentence he is presently serving, and Russell Long to serve eight years at hard labor.
Defendants present four assignments of error:
1. Trial court erred in that an improper foundation for chain of evidence was made when various items were admitted into evidence when only the bags containing the items were identified rather than the items themselves.
2. Trial court erred in that the prosecution created constant and needless fear in the minds of the jurors by referring to guns found at the scene of the crime.
3. Trial court erred in that the defendants were convicted by circumstantial evidence which was not so convincing as to constitute guilt “beyond a reasonable doubt.”
4. Trial court erred in that the defendants were not afforded effective assistance of counsel as required by the Sixth Amendment of the United States Constitution.
Ronnie Long presents an additional assignment of error which we treat in a separate decision.
*903 FACTS
On April 22, 1984, at 10:58 p.m. Officer Ray Delcomyn was dispatched to investigate a tripped burglar alarm at Silly Sal-ley’s Lounge, a discotheque located in Alexandria. Upon arriving at the lounge he observed that one of the window air conditioners was missing and the other air conditioner was partially pushed into the building. When Officer Delcomyn heard banging noises inside, he requested back up assistance and asked that the owner of Silly Salley’s come to the lounge to unlock the building. Before the back up assistance arrived, Officer Delcomyn saw a black male stick his head through the air conditioner opening, whereupon he ordered the intruder to freeze. The intruder quickly withdrew into the building. As soon as the back up assistance and the lounge owner arrived, the police entered the lounge. They observed that video games, pinball machines, and the cigarette machine had been broken into and coin boxes lay empty on the floor; a man’s shaving kit was found in the lounge containing $119 in quarters. Two tire tools, a holster and a .32 caliber Smith and Wesson revolver were also found. The revolver and holster belonged to the lounge owner and had been in a locked cabinet under the bar. A package of Kool cigarettes was found on the floor of the lounge and a latent finger print was lifted from the cellophane wrapper. The officers searched the lounge thoroughly, and, when the intruders could not be found, an errant scuff mark near the skylight led the policemen to the roof. The policemen climbed to the roof where they found the two defendants, one of whom Officer Delcomyn recognized as the man he had seen earlier looking through the air conditioner opening.
ASSIGNMENT OF ERROR ONE
Defendants contend that the trial court erred in admitting into evidence two tire tools and a broken butter knife found in Silly Salley’s on the night of the burglary. Defendants argue that a proper foundation was not laid for the admission of these items, and that the State failed to prove a proper chain of custody.
In State v. Paster, 373 So.2d 170 (La.1979), the requirements for the admissibility of demonstrative evidence was stated as follows:

“To admit demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. For the admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is relevant to the case. Lack of positive identification goes to the weight of the evidence rather than to its admissibility. Ultimately, con-nexity is a factual matter for determination by the trier of fact. State v. Drew, 360 So.2d 500 (La.1978).”

A continuous chain of evidence is not essential. State v. Sims, 426 So.2d 148 (La.1983). The law does not require that the evidence regarding chain of custody eliminate all possibilities that the demonstrative evidence has been altered. Rather, it is sufficient if the custodial evidence establishes that it is more probable than not that the object is the one connected to the case. Proof by a preponderance of the evidence is sufficient to establish this. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972). Nonetheless, lack of positive identification or a deficiency in the chain of custody goes to the weight, rather than the admissibility of evidence. State v. Tonubbee, 420 So.2d 126 (La.1982), cert. denied, 460 U.S. 1081, 103 S.Ct. 1768, 76 L.Ed.2d 342 (1983), rehearing denied, 462 U.S. 1146, 103 S.Ct. 3132, 77 L.Ed.2d 1381 (1983).
In the present case, Officer Delcomyn testified that one tire tool was found on the *904 pool table, the other was found on the floor next to the pool table, and the butter knife was found by the jukebox inside the lounge. He stated that he placed the two tire tools and the butter knife in bags and that he marked the bags with a description of the items inside, the date, the time, and affixed his signature to the bags; he then stapled or sealed the bags. At trial Officer Delcomyn identified the bags as the ones into which he placed the evidence recovered from Silly Salley’s, that the items appeared substantially like the items he recovered at Silly Salley’s, and that prior to being opened in court, the bags did not appear to have been tampered with.
Officer Delcomyn stated that he and Lieutenant Callahan, who had a key to the evidence locker, brought the bags of evidence to police headquarters, signed the evidence into the log book, and placed it into the misdemeanor locker. Officer Russell Butler, the person in charge of all felony evidence, retrieved the bags of evidence from the misdemeanor evidence locker, and secured them in the felony evidence room, where they remained until the day before trial when Officer Barron delivered the bags of evidence to the district attorney’s office for trial preparation.
After reviewing the record, we conclude that the State properly identified the evidence recovered from Silly Salley’s, and laid a proper foundation for its admission by showing it was more probable than not that the items admitted at trial were connected with the case. Therefore, the trial court did not err in admitting the two tire tools and the butter knife into evidence.
ASSIGNMENT OF ERROR TWO
Defendants contend the trial court erred in allowing the State to repeatedly and unnecessarily refer to a gun found at the scene of the crime, because such references were prejudicial and created fear in the minds of the jurors.
LSA-R.S. 15:441 provides:

“Relevant evidence is that tending to show the commission of the offense and the intent, dr tending to negative the commission of the offense and the intent.

Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.”

The extent of the State’s inquiry which is allowable depends upon the facts of each case, and the trial judge’s discretion in determining the scope of prosecutorial questioning is great and will not be disturbed on appeal absent showing of abuse. State v. Anderson, 440 So.2d 205 (La.App.3rd Cir.1983), writ denied, 444 So.2d 1241 (La.1984); State v. Chaney, 423 So.2d 1092 (La.1982).
In the present case, the gun found at the scene of the burglary belonged to the owner of Silly Salley’s Lounge and was taken from a locked cabinet. The relevance of the State’s questions concerning the gun was to show defendants’ intent to commit a theft in Silly Salley’s, an element of simple burglary. The State questioned witnesses about the gun’s presence at the scene of the burglary, but it presented little evidence to establish that defendants actually removed the gun from the locked cabinet. However, defendants failed to show any resulting prejudice. There is no evidence to suggest that the State’s alleged attempt to focus the jurors’ minds on the owner’s gun, found on the floor but not used by the defendants, unduly aroused the jury’s emotions of prejudice or hostility. We find no abuse of the trial court’s discretion in controlling the scope of prosecutorial questioning since the gun was relevant to show defendants’ intent to commit a theft in Silly Salley’s. Therefore this assignment of error is meritless.
ASSIGNMENT OF ERROR THREE
Defendants contend that their convictions were based solely on circumstantial evidence, and that this evidence failed to exclude every reasonable hypothesis of innocence.
In reviewing the sufficiency of the evidence to support a criminal conviction, Louisiana’s appellate courts are controlled by *905 the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Summit, 454 So.2d 1100 (La.1984). Evidence is sufficient to support a conviction when a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the State proved all the elements of the crime beyond a reasonable doubt. State v. Graham, 422 So.2d 123 (La.1982). The Jackson standard is applicable in reviewing criminal convictions whether the proof involved the use of direct or circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983).
Defendants were charged with simple burglary which is defined in LSA-R.S. 14:62 in pertinent part as, “... the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, ...” Theft is defined in pertinent part in LSA-R.S. 14:67 as, "... the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.” In a prosecution for simple burglary, the State must prove: (1) the unauthorized entry into either a dwelling, vehicle, watercraft, or other structure; and (2) that defendant possessed the requisite specific intent to commit a felony or theft therein. State v. Oliney, 430 So.2d 1294 (La.App.1st Cir.1983).
The specific intent required in a burglary prosecution need not be proven as a fact, but may be inferred from the circumstances of the transaction and the defendant’s actions. State v. Graham, supra.
After a careful review of the record, we conclude that the State satisfied its burden of proof and presented convincing evidence that excluded every reasonable hypothesis of innocence that defendants commited simple burglary. When Officer Delcomyn arrived at Silly Salley’s Lounge at 11 p.m. the doors were locked, and the lounge’s two window air conditioners had been pushed into the building, leaving two openings. Officer Delcomyn identified Russell Long as the one looking through the opening from inside the lounge. At the police station, Russell Long made a statement to Officer Delcomyn that if he had had the gun he would have shot Officer Delcomyn from the vantage point of the air conditioner opening. Ronnie Long’s fingerprints were positively identified on two packages of Kool cigarettes found on the floor near the cigarette machine which was broken into. In addition to the opened cigarette machine, the video game machines, pinball machines and pool table were broken into with coin boxes opened on the floor. A man’s shaving kit was found in the lounge containing $119 in quarters. Two tire tools were found in the lounge, one on the pool table and the other on the floor next to the pool table. A broken butter knife was located next to the jukebox which had been pried open. A .32 caliber Smith & Wesson pistol and holster, kept by the bar owner in a locked cabinet near the bar, was found on the floor near the pool table. Finally, defendants were arrested on the roof of Silly Salley’s Lounge. There are no stairs, either inside or outside, to the lounge roof; an errant scuff mark on the wall inside the lounge near a skylight led the police to the rooftop. On the day following their arrest, defendant Russell Long made a statement that he and Ronnie Long had been induced to get on the rooftop of Silly Salley’s to help arrest two males who were being sought; once having been induced on to the lounge rooftop defendants were allegedly arrested for the burglary.
After viewing the evidence in the light most favorable to the prosecution, and excluding every reasonable hypothesis of innocence, we find that the only reasonable conclusion the jury could reach was that the defendants committed the simple burglary of Silly Salley’s Lounge.
ASSIGNMENT OF ERROR FOUR
Defendants contend they were denied effective assistance of counsel because they *906 were unhappy with the services of their court-appointed attorneys and that this created conflict between the defendants and their attorneys.
Defendants in criminal trials are entitled to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article 1 § 13 of the Louisiana Constitution. To establish a claim of ineffective representation, the defendant must show that counsel did not meet the level of competency normally demanded in criminal cases. An adequate defense must be based on informed professional deliberation. State Ex Rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Felde, 422 So.2d 370 (La.1982).
The function of the court-appointed counsel is not to create rights for an accused; but, rather, to advocate the facts favorable to a defendant’s position and to assert and protect those rights granted the accused by our constitutions and statutory laws. State v. Foley, 448 So.2d 731 (La.App.5th Cir.1984). In considering claims for ineffective assistance of counsel, the first inquiry is whether counsel violated some duty to the client. The second inquiry is whether the violation, if any, prejudiced the client in the defense of his case. State v. Berry, 430 So.2d 1005 (La.1983).
Defendant must exercise his right to counsel of his choice at a reasonable time, in a reasonable manner and at an appropriate state of the proceedings. Absent a justifiable basis, there is no constitutional right to make a new choice of counsel on the very date trial is to begin, with the attendant necessity of a continuance and its disrupting implications. Once the trial date has arrived, the question of withdrawal of counsel largely rests with the discretion of the trial court, and his ruling will not be disturbed in the absence of a clear showing of abuse of discretion. State v. Seiss, 428 So.2d 444 (La.1983).
In the present case, there is nothing in the record to indicate that their attorneys violated some duty owed defendants or that such violations prejudiced the defendants.
Russell Long neither expressed dissatisfaction with his attorney nor requested new counsel.
Ronnie Long addressed the court at the beginning of trial, claiming that he was unhappy with the services of his attorney. However, there is no constitutional right to new counsel on the date of trial. Ronnie Long’s request for new counsel was not made at a reasonable time or at an appropriate stage of the proceedings. Once the trial begins, the question of withdrawal of counsel is largely within the trial court’s discretion. Since Ronnie Long made no efforts to acquire new counsel prior to the morning of trial and since there is not evidence of ineffective representation, we cannot say that the trial court abused its discretion in denying his request for new counsel. This assignment of error is without merit.
DECREE
Accordingly, for the foregoing reasons the conviction and sentence of defendant, Russell Long, is affirmed.
AFFIRMED.