KNOLL, Judge.
For the reasons assigned in the companion matter of State of Louisiana v. Long, 473 So.2d 901 (La.App.3rd Cir.1985), handed down this date, and for additional reasons hereafter given, we affirm the conviction and sentence of defendant, Ronnie Long.
As an additional assignment of error defendant, Ronnie Long, contends that since he did not accept the plea bargain offered by the State of 8 years and no habitual offender billing, his sentence of 18 years under the Habitual Offender Law constitutes “prosecutorial vindictiveness.” In brief, defendant argues that he is being punished solely for exercising his right to trial. We disagree.
The penalty for simple burglary is a fine of not more than $2000, imprisonment with or without hard labor for not more than twelve years, or both.
Ronnie Long was sentenced as a third felony offender pursuant to the Habitual Offender Law, LSA-R.S. 15:529.1A(2)(a), which provides:

“(2) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then,

(a) The person shall be sentenced to imprisonment for any term not less than one-half the longest possible sentence for the conviction and not more 
*908
than twice the longest sentence 'prescribed for a first conviction; ...”

Accordingly, the trial court could have sentenced him to serve no less than six years and no more than twenty-four years. Defendant’s sentence, therefore, falls within the statutory limits. The only question for our review is whether Ronnie Long was punished for exercising his constitutional right to trial.
The trial court is vested with wide discretion in sentencing, and an appellate court will not disturb a defendant’s sentence unless it is shown that the trial court abused its sentencing discretion. State v. Square, 433 So.2d 104 (La.1983).
In Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the court stated:

“To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, see North Carolina v. Pearce, supra, 395 U.S. [711], at 738, 89 S.Ct. [2072] at 2082 [23 L.Ed.2d 656 (1969) ] (opinion of Black, J.), and for an agent of the State to pursue a course of action whose objective is to penalize a person’s reliance on his legal rights is ‘patently unconstitutional.’ Chaffin v. Stynchcombe, supra, 412 U.S. [17] at 32-33, n. 20, 93 S.Ct. [1977] at 1986 [36 L.Ed.2d 71) (1973)]. See United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 [(1968)]. But in the ‘give-and-take’ of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution’s offer.

* * * * * *
While confronting a defendant with the risk of more severe punishment clearly may have a ‘discouraging effect on the defendant’s assertion of his trial rights, the imposition of these difficult choices [is] an inevitable’ — and permissible— ‘attribute of any legitimate system which tolerates and encourages the negotiation of pleas.’ Chaffin v. Stynchcombe, supra, 412 U.S., at 31 93 S.Ct., at 1985. It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor’s interest at the bargaining table is to persuade the defendant to forgo [sic] his right to plead not guilty. ” (Emphasis added.)
The district attorney’s actions which did no more than present the defendant with the unpleasant alternatives of foregoing trial or facing charges on which he was plainly subject to prosecution was not viola-tive of the Due Process Clause of the Fourteenth Amendment.
DECREE
For these reasons the conviction and sentence of defendant, Ronnie Long, is affirmed.
AFFIRMED.