600 So.2d 796 (1992)
STATE of Louisiana
v.
Carl L. LEE.
No. 92-KA-37.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1992.
*797 Harry R. Morgan, Asst. Dist. Atty., Hahnville, for plaintiff-appellee State of La.
Victor E. Bradley, Jr., Norco, for defendant-appellant Carl L. Lee.
Before KLIEBERT, C.J., and GAUDIN and DUFRESNE, JJ.
KLIEBERT, Chief Judge.
Carl L. Lee appeals his conviction by a jury of violation of La.R.S. 14:64, armed robbery, and his sentence of fifteen years at hard labor without benefit of probation, parole or suspension of sentence. For the reasons hereinafter stated we affirm.
The crime occurred on January 18, 1991 at Marc's Quick Mart in Destrehan. The store clerk, Janet Welch, was robbed at gunpoint by an individual subsequently identified as the defendant. As Welch was getting boxes out of the storeroom at approximately 5:05 a.m., she heard someone enter the store. She walked behind the counter to wait on the customer, a black male. He leaned over the counter, pointed a gun at her, and told her to give him the money. She gave the robber the money from the cash drawer (later determined to be $146.81) and he left.
As he exited the store, Ronald Jones, a regular customer, had parked his car and was walking in the door. Jones noticed the *798 exiting customer trying to conceal a gun in his hand. Welch informed Jones she had just been robbed; Jones returned to his car and took out his pistol; pointing at the robber, he told him to stop. The robber faced Jones and cursed him, then turned and ran away. Jones re-entered the store and told Welch to call the police.
Deputy Aletha Johnson of the St. Charles Parish Sheriff's Office was dispatched to the scene. Upon her arrival, she took statements from the victim and the witness and obtained a description, which was broadcast over the police radio. Welch described the perpetrator as a black male subject, approximately five feet ten inches tall, weighing 155 pounds, with a medium build, medium complexion, "an Afro, real short," a neat appearance and a deep voice. She stated he was wearing white tennis shoes, blue jeans, and a maroon shirt that had a solid top and a striped bottom.
The day after the robbery, Detective Olga Fourroux of the St. Charles Parish Sheriff's Office contacted Janet Welch and Ronald Jones to look at photographs for a possible identification. When Mr. Jones arrived at the Third District, he was given eight books to view, containing a total of approximately 4,500 to 5,000 photographs. Jones was unable to make an identification at the time.
Welch was asked to view the eight books of mugshots. While looking through the first book, she shouted, "I got it," pointing to a photograph of Carl Lee. Despite Welch's positive identification in the first book, Detective Fourroux had her continue to look through the rest of the books. After looking at all the books, Welch persisted in her original identification of Lee as the robber.
Subsequently, Lee was arrested and charged with the offense. Welch identified him as the perpetrator during the preliminary examination; during the course of the trial, both Welch and Jones identified him in open court as the robber.
In contrast, the defendant presented an alibi defense. Sandra Dewey and Harry Vinnette testified that on Thursday, January 17, 1991, after their work shift ended at 11:00 p.m., they were at the Quick & Easy lounge in Kenner with a group of friends, including Carl Lee. They testified they generally meet every Thursday night after work to socialize, drink beer and play pool. On this particular Thursday night, they stated, Lee arrived at approximately midnight and remained there until 5:15-5:30 a.m. on Friday morning. The defendant, testifying in his own behalf, also stated he was at the Quick & Easy in Kenner at the time of the alleged robbery.
After listening to this conflicting testimony, the jury found the defendant guilty of armed robbery.

ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, the defendant asserts the evidence was insufficient to find a verdict of guilty beyond a reasonable doubt. Specifically, he claims the evidence was insufficient "in light of the dubious identification of the defendant and his alibi."
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Burrow, 565 So.2d 972 (5th Cir.1990), writ denied, 572 So.2d 60 (La.1991).
Armed robbery is defined in La.R.S. 14:64 as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."
Proving the elements of the offense includes proving the identity of the defendant as the perpetrator. Under the standard set forth in Jackson v. Virginia, supra, when the key issue in the case is identification the State is required to negate any reasonable probability of misidentification *799 in order to carry its burden of proof. State v. Duvio, 511 So.2d 821 (5th Cir.1987); State v. Junior, 542 So.2d 23 (5th Cir.1989), writ denied, 546 So.2d 1212.
The testimony established that the perpetrator was armed, that he pointed the gun at Welch, that she gave him money from the store's cash drawer, that while leaving the store he was clearly seen by Jones, that Welch identified the defendant as the robber from the mugshot books, again at the preliminary examination and again at trial, and that Jones, although he was unable to pick out the defendant's photograph in the mugshot books, identified him at trial. Both witnesses were firm in their identifications at trial.
The jury's unanimous verdict in the face of conflicting testimony shows they chose to believe the State's witnesses. It is not the function of the appellate court to evaluate the credibility of witnesses or to overturn the trier of fact in its factual determination of guilt. State v. Richardson, 425 So.2d 1228 (La.1983); State v. Lee, 526 So.2d 450 (5th Cir.1988).
We conclude the State carried its burden of proof. Viewing all the evidence in the light most favorable to the prosecution and recognizing the State's burden to negate any reasonable probability of misidentification, we find the evidence was sufficient for a reasonable trier of fact to conclude beyond a reasonable doubt that the defendant committed the armed robbery. Accordingly, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2
The defendant's second assignment of error is that the sentence he received is excessive and is cruel and unusual punishment.
The punishment for armed robbery is imprisonment at hard labor for not less than five years and for not more than 99 years, without benefit of parole, probation or suspension of sentence. La.R.S. 14:64(B). The defendant was sentenced to 15 years at hard labor without benefit of parole, probation or suspension of sentence, which is well within the lower range of his sentencing exposure.
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits courts from imposing cruel, excessive or unusual punishment. Sentences are excessive if they are grossly out of proportion to the severity of the crime or nothing more than the purposeless and needless imposition of pain and suffering. State v. Brogdon, 457 So.2d 616 (La.1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). Even sentences within the statutory limits may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
La.C.Cr.P. art. 894.1, in the version effective at the time relevant here, set out guidelines for elements the trial court must consider before imposing sentence.[1] Although the trial judge need not recite Art. 894.1's entire checklist of aggravating and mitigating factors, the record must reflect that the judge adequately considered those guidelines. State v. Quebedeaux, 424 So.2d 1009 (La.1982). Important elements to be considered are the convict's personal history (age, family ties, marital status, health, employment record), prior criminal record or absence thereof, seriousness of the particular offense, and the likelihood of recidivism or rehabilitation. Id. Further, the judge must state for the record the factual basis for the sentence imposed. La.C.Cr.P. art. 894.1(C); State v. Jones, 398 So.2d 1049 (La.1981).
*800 In imposing the 15-year sentence on the defendant here, the trial judge made the following statement:
Okay. The Court has carefully considered this matter. You are technically a first offender. This is the first time that you have been convicted of a felony, although you have been arrested on many and numerous occasions throughout your life. You likewise have some other criminal charges pending that I'm advised that the State will probably not prosecute. I think that's either a theft charge or a burglary charge. The Court remembers the trial well. There was a question of identification. And the Court is satisfied that the person, the victim in this particular case, was absolutely correct when she identified you, and likewise the independent witness that showed up at that convenience store was likewise absolutely convinced that you were the individual who committed this armed robbery. The Court believes, in fact, that you did commit this armed robbery. That was a serious, grave offense that you committed against this young woman, a situation which she will never forget and for which she lives in fear today. You must be incarcerated. To do anything lessOf course, the law requires that you be given a minimum of at least five and a maximum not to exceed 99. Based upon your age, the Court has determined that an appropriate sentence for you, which will be without benefit of probation, parole, or suspension of sentence, and for which you must do all of your time, is a term of 15 years in the state penitentiary. I hope that you will use those 15 years to change your life. You will still be young enough when you get out to return and be a good citizen, if you so desire. However, to give you anything less than 15 years in this particular case and the circumstances under which this matter went down, would deprecate the seriousness of this offense. Accordingly, it is the sentence of the Court that you serve a term of 15 years with the Louisiana Department of Corrections at hard labor without benefit of probation, parole, or suspension of sentence.
Although the trial judge did not articulate every factor listed in La.C.Cr.P. Art. 894.1, the transcript establishes that he did comply adequately with the sentencing guidelines in effect at the time of the sentencing. He considered the defendant's first offender status, his prior arrest record, the fact that other criminal charges were pending against him, the serious nature of the offense, the effect of the crime on the victim, and the fact that a lesser sentence would deprecate the seriousness of the offense.
In addition, a review of similar cases supports the sentence imposed. See, e.g.: State v. Williams, 420 So.2d 1116 (La. 1982); State v. Tokman, 412 So.2d 561 (La.1982); State v. Selders, 520 So.2d 1227 (5th Cir.1988); State v. Cross, 482 So.2d 65 (5th Cir.1986), writ denied, 519 So.2d 112 (La.1988).
Accordingly, we conclude the sentence of fifteen years at hard labor is not excessive. In light of the seriousness of the offense of armed robbery and given the fact that the sentence imposed was in the lower range of sentencing exposure, the trial court did not abuse its discretion in the imposition of sentence. There is, thus, no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 3
La.C.Cr.P. Art. 920 requires us to consider on appeal not only errors designated in the assignments of error, but also any errors "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence," that is, errors patent on the face of the record.
As it happens, in this case the defendant's third assignment of error is "any and all errors patent," although he has not pointed out any such errors specifically.
Our review of the record, including the minute entry and transcript, indicates the defendant was not given credit for time served. La.C.Cr.P. Art. 880 requires that "the court, when it imposes sentence, shall give a defendant credit toward service of *801 his sentence for time spent in actual custody prior to the imposition of sentence." That article is mandatory. Accordingly, the defendant is entitled to credit for time served.
For the foregoing reasons, the defendant's conviction is affirmed. The sentence is amended to provide that the defendant receive credit for time served and, as amended, the sentence is affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] At the time of sentencing the applicable provisions of Art. 894.1 set out specific guidelines, including specific aggravating and mitigating circumstances, for the trial judge to consider and discuss in sentencing a convict.

La.C.Cr.P. art. 894.1 was amended by Act 22 of 1991 to delete specific guidelines and to provide, among other things, "the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the sentence to be imposed." The effective date of the amendment was January 1, 1992, or thirty days after the effective date of the sentencing guidelines, whichever is later. Because the defendant here was sentenced on December 10, 1991, however, the former version of the article is applicable.