614 So.2d 1242 (1993)
STATE of Louisiana
v.
Christopher SINGLETON.
No. 93-K-0144.
Supreme Court of Louisiana.
March 19, 1993.
PER CURIAM.
Writ is granted. This case is remanded to the court of appeal for review on the merits of defendant's sentencing claims.
Even assuming that La.C.Cr.P. art. 881.1 retroactively applied to defendant's sentencing on January 21, 1992, ten days before the statute's effective date on January 31, 1992, the statute provides that a motion to reconsider sentence "shall be oral at the time of sentencing or in writing thereafter...." Defense counsel began the combined guilty plea and sentencing proceeding on January 21, 1992, by objecting to the excessiveness of the eight-year sentences the court would impose, and by reserving appellate review of the sentence as part of defendant's guilty plea. State v. Crosby, 338 So.2d 584 (La.1976). Counsel urged the specific grounds on which the court had not followed the new sentencing guidelines, effective January 1, 1992, relative to computing the length of sentence and to improperly rejecting suspension of sentence and probation as an alternative to imprisonment. These remarks constituted an oral motion to reconsider made "at the time of sentencing," alerting the court to specific problems that counsel found with the sentences at a time when the court could take corrective action, and obviating the need for a written motion filed after sentencing. To the extent that counsel also reserved appellate review of sentence as part of the *1243 guilty pleas, denial of that review on the basis of art. 881.1 would jeopardize the voluntariness of those pleas.
LEMMON, J., not on panel.