625 So.2d 664 (1993)
STATE of Louisiana
v.
Kevin BALSAR.
No. 93-KA-266.
Court of Appeal of Louisiana, Fifth Circuit.
October 13, 1993.
Dorothy Pendergast, Robert Grant, Asst. Dist. Attys., Gretna, for plaintiff/appellee, State of Louisiana.
Ginger Berrigan, Indigent Defender Bd., Gretna, for defendant/appellant, Kevin Balsar.
Before GAUDIN, GRISBAUM and CANNELLA, JJ.
CANNELLA, Judge.
The defendant, Kevin Balsar, was charged with and convicted of three counts of armed robbery. He was sentenced, as a multiple offender, to one term of life imprisonment at hard labor without benefit of probation, parole or suspension of sentence, and two terms of ninety-nine years at hard labor without benefit of probation, parole or suspension of sentence. It was ordered that the sentences were to be served consecutively.
*665 Defendant appeals his convictions, alleging that the trial court erred in its admission of hearsay evidence. We affirm.
The defendant was convicted of entering Subway Sandwich shops on three separate occasions and robbing the employee on duty. The facts surrounding each incident are set forth below.
MARCH 1, 1992 ROBBERY
On March 1, 1992, at approximately 9:00 p.m., a man entered the Subway shop located at 1000 West Esplanade in Jefferson Parish. While pointing a gun directly at the employee, Chris Songy, he demanded all the money from the cash register drawer and from the cash box underneath the counter. After the perpetrator got the money, approximately two hundred dollars, he fled.
About a week and a half after the robbery, Detective Zimmerman showed Songy a photographic lineup. Songy positively identified defendant as the perpetrator both in the photographic lineup and in court. Songy was also able to give police a description of the clothing worn by the robber. In court he identified clothes, which had been seized from defendant's residence, as similar to those worn by the perpetrator.
MARCH 7, 1992 ROBBERY
On March 7, 1992, at approximately 10:00 p.m., Jeffery Copeland, an employee at a Subway Sandwich shop on Veterans Boulevard in Metairie, was in the back of the store when he heard the door open. As Copeland walked to the front, a man who had entered the shop pointed a gun directly at him and demanded money. Copeland removed the cash register drawer and placed it on the counter. The perpetrator took all the paper money, approximately seventy or eighty dollars, and then walked around the side of the counter to see if there was any more money there. After he saw that there was no more money, he ordered Copeland to lay on the floor and he left.
Both in a photographic lineup, approximately two weeks later and subsequently in court, Copeland positively identified defendant as the perpetrator.
MARCH 13, 1992 ROBBERY
Timothy Hyde was working the night shift at the Subway Sandwich Shop located on Chateau Boulevard and West Esplanade in Jefferson Parish. A man walked in, pulled out a gun and demanded money. Pursuant to the perpetrator's demands, Hyde gave him the money in the cash register drawer and also the money in the coin box located in the back of the store. After getting the money, approximately one hundred thirty-nine dollars, the perpetrator fled and the victim called 911. A few days later, Hyde was shown a photographic lineup and positively identified defendant as the perpetrator. He also identified defendant in court as the individual who robbed him.

ANALYSIS
On appeal, defendant contends that the trial court erred by allowing police officers to testify that an out-of-court declarant, who was deceased at the time of trial, told the officers that he had loaned defendant his gun at approximately the time of the three robberies.
Detective Wayne Zimmerman testified that, during the course of his investigation, he located the possible weapon in a drain in front of a residence bearing municipal address 243 Emerson, approximately seven to ten houses away from defendant's residence. Zimmerman testified that he spoke to Murael Wilson, a/k/a Red Man, who resided at 243 Emerson. Over a hearsay objection by defense counsel, the judge allowed Zimmerman to testify about the substance of his conversation with Wilson, who was under subpoena for the trial, but who died of natural causes on November 8, 1992. Wilson informed Zimmerman that he loaned a weapon, a Rossi .38 caliber silver or chrome plated revolver, to defendant on several occasions, during the time frame surrounding the robberies.
Kenner police Detective Rodney Roy, who assisted Zimmerman in the investigation, also testified about his conversation with Wilson. He said that he went to Wilson's residence and advised him that the police had information to believe that he owned a weapon that was used by defendant in some robberies. Over defense objection, Roy testified *666 that Wilson told him that he had loaned his revolver to defendant on several occasions and he felt that something may have happened involving that weapon. Wilson got scared and threw it in the storm drain located at the end of his driveway right at the curb of the street. Roy then went out to the storm drain and retrieved the weapon which was lying in the bottom of the drain. He identified the weapon in court as the one he seized from the storm drain.
During trial, the prosecutor asked both Zimmerman and Roy what Wilson had said. Defense counsel objected to Zimmerman's answer, as hearsay, and to Roy's answer, in general. The prosecutor cited La.C.E. art. 804(A)(4) (incorrectly transcribed as "80484") concerning why the statements of Wilson are exceptions to the hearsay rule. The trial judge overruled the objections and allowed both officers to state what Wilson had said.
La.C.E. art. 801C defines hearsay as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay evidence is not admissible except as otherwise provided by this Code or other legislation. La.C.E. art. 802.
La.C.E. art. 804(A)(4) is not an exception to hearsay but is a definition of an unavailable declarant. It states:
Art. 804. Hearsay exceptions; declarant unavailable
A. Definition of unavailability. Except as otherwise provided by this Code, a declarant is `unavailable as a witness' when the declarant cannot or will not appear in court and testify to the substance of his statement made outside of court. This includes situations in which the declarant:
* * * * * *
(4) Is unable to present or to testify at the hearing because of death or then existing physical or mental illness, infirmity, or other sufficient cause.
Therefore, this cannot be the basis of the overruling of the objection.
This Court next considered whether the objections should be overruled because of any other exception to the hearsay rule.[1] We do not find any and conclude that the two officers' statements of what Wilson told them are inadmissible hearsay and the overruling of defense counsel's objections was erroneous.
Even inadmissible evidence, however, does not require reversal of a conviction if its admission is harmless. The reviewing court must consider whether the improperly admitted hearsay contributed to the verdict. If it is determined, beyond a reasonable doubt, that it did not, then the admission of the hearsay statement may be deemed harmless error. State v. Willie, 559 So.2d 1321 (La.1990); State v. Walters, 514 So.2d 257 (La.App. 5th Cir.1987). Factors to be considered in making this determination include: (1) the importance of the witness's testimony; (2) the cumulative nature of the testimony; (3) the existence of corroborating or contradictory evidence regarding the major points of the testimony; (4) the extent of cross-examination permitted; and (5) the overall strength of the state's case. State v. Willie, supra; State v. Veals, 576 So.2d 566 (La.App. 4th Cir.1991).
In this case the witnesses' hearsay testimony linked defendant to the gun found in the drain and used in the robberies. This testimony was really not necessary since the other evidence established that the gun was found in a drain just down the street from defendant's house. Furthermore, all three of the robbery victims identified the gun as the *667 one, or very similar to the one, defendant used in the robberies. Moreover, the state's case was very strong. There had been three separate armed robberies of Subway Sandwich Shops in Jefferson Parish, with three different victims. Each victim positively identified defendant as the perpetrator in separately viewed photographic line-ups. Each victim also positively identified defendant at trial. Finally, the gun itself was not essential to the armed robbery convictions where, as here, the victims testified that defendant pointed a gun at them during the robberies. State v. Robinson, 461 So.2d 403 (La.App. 4th Cir.1984). Thus, under the circumstances of this case, we find that the erroneous admission of the hearsay statements was harmless error which does not warrant reversal of the conviction.
Finally, we have reviewed the record for errors patent in accordance with La.C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975) and we note the following.
When the trial judge originally sentenced defendant on December 1, 1992, he afforded defendant credit for time served. However, he failed to give defendant such credit when he resentenced him as a multiple offender on December 15, 1992. According to La.C.Cr.P. art. 880, the court, when it imposes sentence, shall give a defendant credit for time served. Since Art. 880 is mandatory in nature, defendant is entitled to credit for time served. See State v. Lee, 600 So.2d 796 (La.App. 5th Cir.1992).
Accordingly, defendant's conviction is affirmed. The sentence impose on defendant as a multiple offender is amended to give defendant credit for time served, and as amended, is affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AS AMENDED, AFFIRMED.
NOTES
[1] The state argues in its brief that the statements of Wilson are admissible as exceptions to the rule barring hearsay evidence under La.C.E. art. 804(B)(3), statements against interest. The state contends that the statements tended to subject Wilson, among other things, to criminal liability and are not excluded by the hearsay rule, if declarant is unavailable as a witness. This Court considered the testimony of the two police officers of the statements of Wilson that, on several occasions during the times of the robberies, he loaned his gun to defendant. We find that those statements of Wilson do not subject him to criminal liability, but rather attempt to place all criminal liability on defendant. We, therefore, do not find that the statements of Wilson are excluded from the hearsay rule by La.C.E. art. 804(B)(3).