WATKINS, Judge.
Christopher Singleton was charged by bill of information number 215,208 with possession with intent to distribute cocaine[1] and by bill of information number 217,990 with distribution of cocaine.[2] Defendant withdrew his initial pleas of not guilty and entered pleas of guilty as charged, and the trial court imposed concurrent sentences of eight years at hard labor with credit for time served.[3] Defendant appealed his sentences to this Court under docket numbers KA 92 0628 and KA 92 0629, respectively, urging only that the sentences were excessive. On appeal, we found that neither record contained a copy of a motion to reconsider sentence or evidence that defendant orally moved for reconsideration of sentence. Consequently, in separate unpublished opinions, we affirmed defendant’s convictions and sentences on the basis that LSA-C.Cr.P. art. 881.1 D precluded him from raising the excessiveness issues on appeal. Defendant applied for supervisory writs with the Louisiana Supreme Court. In granting the applications, the court noted the following: First, at the beginning of the single, combined, arraignment and sentencing proceeding pertaining to the instant eases, defense counsel objected to the excessiveness of the sentences to be imposed and reserved appellate review of the sentences as part of the guilty pleas. Second, defense counsel urged the specific grounds on which the trial court had not followed the new sentencing guidelines relative to computing the length of the sentences and to rejecting suspension of the sentences and probation as an alternative to imprisonment. Third, and finally, even assuming that the provisions of LSA-C.Cr.P. art. 881.1 applied retroactively to defendant’s sentencing on January 21, 1992, the remarks by defense counsel constituted an oral motion to reconsider the sentences, obviating the need for a written motion after sentencing. Consequently, the Louisiana Supreme Court remanded the cases to this court for review on the merits of defendant’s sentencing *692 claims. See State v. Singleton, 614 So.2d 1242 and 1243 (La.1993).[4]
In his sole assignment of error, defendant contends that his sentences are excessive because he had no prior criminal history. Defendant asserts that, if he had been sentenced in accordance with the new sentencing guidelines, sentencing guidelines grid G-2 (providing for a three-to-five year term of imprisonment) would have been applicable.[5] Thus, he concludes that his sentences are excessive.
Possession with intent to distribute cocaine and distribution of cocaine are both punishable by a term of imprisonment at hard labor for a minimum of five and a maximum of thirty years and a possible fine not to exceed $15,000.00. LSA-R.S. 40:967 B(l). Herein, defendant received concurrent sentences of eight years at hard labor, and no fines were imposed.
In giving consideration to the new sentencing guidelines, the trial court observed that the sentencing range for the instant offenses is found in grid G-2 (which provides for imprisonment for three to five years) or grid D-2 (which provides for imprisonment for seven to rune years). However, the court then specifically indicated that the more lenient grid G-2 would be applicable only if the court ignored the fact that in entering the instant guilty pleas defendant had pled guilty to two separate felony narcotics convictions; the court indicated that it was not inclined to ignore that fact. Thus, the court stated that, if indeed the less lenient grid D-2 is applicable in this ease, the instant sentences are within the appropriate sentencing range provided in that grid. Nevertheless, the trial court stated that, if it was deviating from the applicable sentencing range provided in the sentencing guidelines, it was going to state its reasons for any such deviation.
Accordingly, the court noted inter alia that there was definitely an undue risk that, "during the period of a suspended sentence or probation, defendant would commit another crime. As support for that conclusion, the court stated the following:
This is brought home by the fact that this young man having had no previous record was first arrested with fourteen rocks of poison in his possession in a match box. You had never been in trouble before, so you got in big trouble. That was in May of 91. Well, he was going to straighten up. Low [sic] and behold, in August, boom, Distribution of Cocaine, albeit one rock, but nevertheless it is still the same stuff. So, within the period of three or four months this young man who indicated he was going to go straight all of a sudden is in the same thing. So, you judge a man’s future by looking at his past. A man does that within three or four months and gets in big trouble, that means to me he is going to do it again.
In additional sentencing reasons, the court stated that it felt that there was no alternative but to impose correctional treatment in a custodial environment. More particularly, the court stated that it felt that a lesser sentence would deprecate the seriousness of defendant’s crimes. The court opined that cocaine was an absolute poison, i.e., that it was destroying the fabric of our community and our nation. The court further stated that defendant’s actions certainly threatened and/or caused serious harm to the people of Terrebonne Parish and that the only provocation in these cases was defendant’s desire to either get some illegal drugs for himself or to make money to purchase things that make him feel good.
Even assuming, arguendo, that the instant sentences were not imposed in conformity with the new sentencing guidelines, we note that LSA-C.Cr.P. arts. 881.6 and 894.1 A provide that no sentence shall be declared unlawful, inadequate or excessive solely due to such a failure. Additionally, LSA-C.Cr.P. art. 881.4 D provides that this court shall not set aside a sentence because of the failure of *693 a trial court to impose a sentence in conformity with the sentencing guidelines or for ex-eessiveness, if the record supports the sentence imposed.
We have carefully reviewed the record in each of these cases; based upon that review, we find that the record supports the sentences imposed. Under the circumstances of these cases, we are unable to say that the trial court abused its discretion in sentencing defendant to concurrent terms of imprisonment at hard labor for eight years. Hence, we do not find defendant’s sentences excessive.
CONVICTIONS AND SENTENCES AFFIRMED.

. The bill of information charged that this offense occurred on May 20, 1991.

. The bill of information charged that this offense occurred on August 2, 1991.

.Defendant was sentenced on January 21, 1992, after the effective date of the new sentencing guidelines.

. Consistent with the court’s orders remanding the instant cases for our review of the merits of defendant’s sentencing claims, we have consolidated these cases for purposes of that review.

. We note that defendant does not contend on appeal, as he did at the time of sentencing, that the trial court improperly rejected suspension of sentence and probation as an alternative to imprisonment.