CANNELLA, Judge.
Defendant, Ronald A. Yeager, appeals from his conviction for attempted possession of a controlled dangerous substance, (La.R.S. 40:979, 967 C), and his sentence (two years at hard labor, suspended with certain conditions of probation). For the following reasons, we affirm.
Defendant was charged by bill of information with attempted possession of a controlled dangerous substance. At arraignment he entered a plea of not guilty. He was tried by a six person jury and found guilty as charged.
Detective Glen Synigal of the Kenner Police Department testified that, on August 14, 1992, he was standing on the corner of the 3500 block of Martinique Drive in Kenner posing as a drug dealer. At approximately 8:15 p.m., defendant approached him in a vehicle, with a passenger later identified as Michael Lanata. Detective Synigal testified that defendant asked, “Anybody doing anything?” When he responded, “What you looking for?”, defendant replied, “I’m looking for a twenty.” Det. Synigal explained that, in street terminology, a “twenty” meant a piece of crack cocaine for $20. Defendant handed Det. Synigal a $20 bill and, in turn, he gave defendant a plastic bag which appeared to contain cocaine, but actually held an artificially manufactured cocaine. Det. Synigal-stated that he called his backup, Det. Richard Mottley, to make an arrest after this transaction, but because of poor communications equipment the backup did not respond. Defendant’s vehicle left the scene following this transaction, but returned twenty seconds later so that Lanata could purchase a “twenty.” Lanata wanted to taste the crack cocaine before completing the transaction. However, Detective Synigal gave a signal to Mottley and defendant and Lanata were taken into custody.
Detective Mottley’s description of the events was basically the same as Det. Syni-gal’s.
After conviction, defendant was sentenced to serve two years at hard labor. The sentence was suspended and defendant was placed on two years active probation with several conditions of probation. First, he was ordered to serve every Monday and Tuesday for twenty-six weeks, beginning June 7, 1993, in parish prison. Second, he was ordered to enroll in the twelve week Jefferson Parish Substance Abuse Treatment Program. He was ordered to remain in and complete the Delgado Culinary Arts program. He was ordered to remain employed at Barreea’s Restaurant or report to the court any change of employment. He was ordered to perform 100 hours of community service. Finally, he was ordered to pay a $300 IDB fee, a $20 per month probation supervision fee and all costs of court. He was given credit for time served.
Defendant assigns two errors on appeal. He argues that his sentence is excessive and all errors patent on the face of the record. Defendants argument here is two-fold. First, he argues that the trial judge did not adequately articulate her reasons for the sentence. Second, he argues that the sentence is excessive. We find no merit to either argument.
The state argues that because defendant did not file a motion to reconsider sén-tence in the district court, under La.C.Cr.P. art. 881.1(D), he is precluded from raising his objection to the sentence on appeal. While the state is correct that the defendant did not file a written motion to reconsider sentence with the trial court, La.C.Cr.P. art. 881.- *1208 1(A)(2) provides that the motion to reconsider can be made orally if made at the time of sentencing. Defense counsel orally objected to the sentence at the time it was imposed, and stated the ground for his objection, thereby preserving his right to raise the issue on appeal. State v. Singleton, 614 So.2d 1242 (La.1993). Therefore, we will consider defendant’s arguments on sentence on appeal.
The transcript of the sentencing proceedings indicates that the trial judge stated that she had considered the sentencing guidelines. She also stated that she had gone over the pre-sentence report with defense counsel. She noted that defendant had been before the court on several occasions and that she had considered his past criminal and social history. She also noted that she had considered a letter from defendant’s employer and that defendant was currently enrolled in the culinary art program at Delgado. She thereupon sentenced defendant to two years imprisonment and suspended the sentence imposing two years active probation with conditions. Defendant’s previous conviction was for cocaine possession and defendant admitted that his problems with the law resulted from his drug addiction. The conditions of probation imposed by the trial court are obviously an attempt by the trial court to have defendant realize the seriousness of his offense, without costing him his job, and to help him recover from his drug addiction. In view of defendant’s prior history, there is no showing that the trial judge abused her discretion in imposing the probation conditions. To the contrary, they seem to be well thought-out and based on a sincere effort to help defendant control his drug addiction through treatment, sanctions, education and employment. Furthermore, on the record before us, the sentence falls within the range recommended by the guidelines. Therefore, we find that this assignment of error has no merit.
Defendant also requested that the court review the record for errors patent. We find no such error in the record.
Accordingly, for the reasons stated above, we affirm defendant’s conviction and sentence.

AFFIRMED.