648 So.2d 974 (1994)
STATE of Louisiana
v.
Harrell HENDERSON A/K/A Henderson Harrell, Jr.
No. 94-KA-286.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1994.
*975 Bruce G. Whittaker, Indigent Defender Bd., Gretna, for appellant/defendant Harrell Henderson A/K/A Henderson Harrell, Jr.
John M. Mamoulides, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., Research and Appeals, Gretna, for appellee State.
Before KLIEBERT, BOWES and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Harrell Henderson, Jr. a/k/a Henderson Harrell, Jr., was convicted by a jury of simple burglary of an inhabited dwelling pursuant to La.R.S. 14:62.2.[1] Following *976 his conviction, defendant was sentenced to ten years at hard labor with credit for time served, the first year without benefit of parole, probation or suspension of sentence. The state then filed a bill of information under La.R.S. 15:529.1, alleging defendant to be a second felony offender. Following a contradictory hearing on January 27, 1994, defendant was convicted of being an habitual offender and sentenced to eighteen years at hard labor with the first year to be served without benefit of parole, probation or suspension of sentence. Defendant appeals from the sentence as excessive and cites all errors patent. We affirm the conviction of defendant of simple burglary of an inhabited dwelling and his conviction as an habitual offender, vacate his sentence and remand for resentencing.
At trial, the victim, Richard Steward, testified that at midday on August 17, 1992, he arrived at his home in Metairie to eat lunch. He observed a black ten-speed bicycle parked under a neighbor's window from which the screen had been removed. He proceeded to the rear door of his apartment and saw that the sliding glass door was open approximately eighteen inches. When he pushed back the curtains and looked in, he saw an individual, subsequently identified as defendant, standing at the kitchen table. The victim testified that defendant was "tinkering" with some items on the kitchen table. In defendant's right hand, the victim thought he saw what appeared to be a screwdriver. When defendant turned and faced him, Steward ran to his car to get a large crescent wrench. After retrieving the wrench, he watched defendant jump the fence next to his apartment and ride off on the black bicycle. Steward unsuccessfully chased defendant. He then ran to the street where he flagged down a police officer, told him what had happened and gave him a description of the perpetrator. Upon returning to his apartment, Steward noticed that several items, including his VCR, a jar of money, a nintendo and some telephones had all been removed from their proper place and had been put on the kitchen table. Steward testified that he did not give anyone permission to enter his home. Steward identified defendant as the perpetrator both in court and in a pre-trial photographic line-up.
At trial, Detective Daniel Wright of the Jefferson Parish Sheriff's Office testified that he conducted a follow-up investigation into the burglary. As part of his investigation, he reviewed the latent fingerprint report prepared by Captain Merril Boling of the Jefferson Parish Sheriff's Office. This led him to defendant as a possible suspect. Detective Wright met with the victim and conducted a photographic line-up in March of 1993. Steward immediately identified defendant as the subject he observed inside his residence. Based on this information, Deputy Wright arrested defendant while he was working on a black bicycle.
At trial, Captain Merril Boling was accepted as an expert in the lifting and identification of latent fingerprints. He testified in accordance with his report and positively identified the fingerprints lifted from the VCR as having been made by defendant.
After the state rested, defendant testified in his own behalf. Defendant stated that his name was Henderson Harrell and he denied any involvement in the burglary. He admitted that the bicycle was his, acquiring it in December of 1992 at the Jefferson Parish Flea Market. He claimed that he had a full beard at the time of the incident.
On appeal, defendant first asserts that the trial court imposed a vindictive and excessive sentence. He secondly assigns any and all errors patent.
At the conclusion of the habitual offender hearing, it was brought out that prior to defendant's trial, the state offered defendant a plea bargain wherein he would receive a sentence of six and one-half years and would not be multiple billed. Defendant refused the plea and chose to go to trial. After defendant went to trial and was sentenced, the state decided to file a multiple bill. Concerning the multiple bill, the state offered defendant a sentence of fifteen years and also offered to drop defendant's two pending criminal charges in exchange for his guilty plea to the multiple bill. Defendant also refused this offer.
*977 Now, defendant contends that the eighteen year sentence, imposed on him after his refusal to accept the plea bargains was vindictive. Defendant specifically contends that:
The record herein reveals two marked increases in sentence: from six and one-half years to 10 years for going to trial; from 15 years to 18 years for requiring an habitual offender hearing. The record likewise suggests that no new relevant information was developed in the course of the trial or hearing to warrant the attendant increases. The lack of a basis for the increase is particularly apparent for the increase on the multiple bill.
It is initially noted that defendant did not file a motion to reconsider sentence in the district court as required by LSA-C.Cr.P. art. 881.1:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
In the present case, defense counsel did orally object at the time the sentence was imposed, but made a general objection and did not set forth any specific grounds. Failure to specifically object generally precludes the issue for appellate review. See State v. Singleton, 614 So.2d 1242 (La.1993) and 614 So.2d 1243 (La.1993), appeal after remand, 625 So.2d 691 (La.App. 1st Cir.1993), writ denied, 93-2750 (La. 1/13/94 631 So.2d 1163; State v. Mims, 619 So.2d 1059 (La.1993), appeal after remand, 626 So.2d 856 (La.App. 2nd Cir.1993), writ denied, 93-2933 (La. 2/11/94) 634 So.2d 373; State v. Yeager, 93-699 (La.App. 5th Cir. 1/25/94) 631 So.2d 1206. However, in State v. Allen, 93-838 (La.App. 5th Cir. 5/31/94), 638 So.2d 394, this court nonetheless considered the argument, even though defendant failed to file a motion or orally object to the sentence. We likewise will consider defendant's argument relative to sentence.
For his conviction of simple burglary of an inhabited dwelling, defendant was exposed to a possible penalty of imprisonment at hard labor of not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years. LSA-R.S. 14:62.2.
Defendant was apparently sentenced as a second felony offender[2] pursuant to the Habitual Offender Law, LSA-R.S. 15:529.1 A(1), which provides:
(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.
In this case, the trial judge could have imposed a sentence ranging from six to twenty-four years. The eighteen year sentence imposed on defendant falls within the possible penalties provided by statute. The question is whether defendant was punished for exercising his constitutional right to trial.
In State v. Long, 473 So.2d 907 (La.App. 3rd Cir.1985), defendant, who was convicted of simple burglary and sentenced to eighteen years under the Habitual Offender Law, also raised the claim that his sentence was vindictive *978 and that he was being punished solely for exercising his right to trial. Defendant argued that, since he did not accept the plea bargain offered by the state of eight years and no habitual offender billing, his sentence of eighteen years under the Habitual Offender Law constituted "prosecutorial vindictiveness."
In affirming the sentence imposed on defendant and addressing the issue of vindictiveness, the Third Circuit cited Bordenkircher v. Hayes, 434 U.S. 357, 363-364, 98 S.Ct. 663, 668-669, 54 L.Ed.2d 604 (1978), where the U.S. Supreme Court stated:
"To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, see North Carolina v. Pearce, supra, 395 U.S. [711], at 738, 89 S.Ct. [2072], at 2082 [23 L.Ed.2d 656 (1969)] (opinion of Black, J.), and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is `patently unconstitutional.' Chaffin v. Stynchcombe, supra, 412 U.S. [17], at 32-33, n. 20, 93 S.Ct. [1977], at 1986 [36 L.Ed.2d 714 (1973) ]. See United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 [(1968)]. But in the `give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.
* * * * * *
While confronting a defendant with the risk of more severe punishment clearly may have a `discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'and permissible'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.' Chaffin v. Stynchcombe, supra, 412 U.S., at 31 93 S.Ct., at 1985. It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo [sic] his right to plead not guilty."
After citing these passages from the Bordenkircher case, the court concluded that:
"The District Attorney's actions which did no more than present the defendant with the unpleasant alternatives of foregoing trial or facing charges on which he was plainly subject to prosecution was not violative of the Due Process Clause of the Fourteenth Amendment." State v. Long, at 908.
In the present case, defendant chose not to accept the plea bargains offered by the State, thereby taking the risk of a greater penalty upon conviction by a jury. Thus, we find that defendant's sentence was not vindictive.
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleading and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Orgeron, 620 So.2d 312 (La.App. 5th Cir.1993).
A review of the record reveals errors patent requiring the sentence to be vacated. First, and most important, the trial judge failed to vacate the previously imposed ten year sentence. Also, after said adjudication the trial judge said, "I'm going to sentence him to a total of 18 years, which is 8 years on the multiple bill. A total of 18 years."
LSA-R.S. 15:529.1.D(3) provides:
(3) When the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the *979 court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling.
Where the original sentence on the underlying offense has not been vacated at the time of sentencing defendant as an habitual offender, the original sentence remains in effect and the subsequent sentence as a multiple offender is null and void. State v. Dearmas, 606 So.2d 567 (La.App. 5th Cir.1992). See also: State v. Walker, 416 So.2d 534 (La.1982); State v. Moffett, 572 So.2d 705 (La.App. 4th Cir.1990).
Next, the state sought to prove that defendant was a second felony offender, but the trial judge did not specifically rule on defendant's number of prior convictions. He merely stated, after listening to the evidence, that "it definitely falls under the Multiple Billing ..." Thus he found that defendant was an habitual offender under the statute, but did not find whether he was a second, third, etc. offender.
In State v. Jones, 516 So.2d 396 (La.App. 5th Cir.1987), appeal after remand, 537 So.2d 848 (La.App. 5th Cir.1989), it was held that the trial judge's statement that defendant was an habitual offender, without making a determination of whether defendant was a second or third offender, made defendant's conviction under the habitual offender statute defective, requiring remand of the case. However, in Jones, the prosecution presented evidence of two prior convictions against defendant to prove the habitual offender charge. Thus, he could have been found a second or a third offender. See: Contrary holding in State v. Laprime, 521 So.2d 538 (La.App. 4th Cir.1988), writ denied, 524 So.2d 517 (La.1988). Here the evidence presented by the state was restricted to one prior felony. Therefore, the trial judge's finding defendant an habitual offender can only relate to a second offense. Thus, we find Jones distinguishable and we need not remand the case for rehearing of the habitual offender bill.
In the third error defendant was not given credit for time served on the eighteen year sentence imposed pursuant to the habitual offender bill of information. LSA-C.Cr.P. art. 880 reads as follows:
The court, when it imposes sentence, shall give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence.
Since Article 880 is mandatory in nature, defendant is entitled to credit for time served. State v. Lee, 600 So.2d 796 (La.App. 5th Cir.1992).
The error patent review further reveals that, at the time of sentencing, the trial judge did not inform defendant of the prescriptive period for post-conviction relief as is mandated by LA-C.Cr.P. art. 930.8 C.[3] However, failure to inform defendant does not constitute grounds for reversing the sentence or remanding the case for resentencing. LSA-C.Cr.P. art. 921. Thus, upon resentencing, we direct the district court to comply with LA-C.C.P. art. 930.8(c). See: State v. Walters, No. 25587-KA (La.App. 2nd Cir. 1/19/94); 630 So.2d 1371.
Accordingly, the conviction of defendant as an habitual offender is affirmed, the sentence of defendant is vacated and the case is remanded for resentencing in accordance with this opinion.
CONVICTION AFFIRMED, SENTENCE VACATED; CASE REMANDED.
NOTES
[1] Defendant was tried for aggravated burglary on November 8 and 9, 1993.
[2] See error patent discussion.
[3] Art. 930.8 C provides that "[a]t the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief."